AUGUSTUS W. WHEAT, plaintiff in error, vs. CHARLES W. ARNOLD, defendant in error.

When a promissory note is offered in evidence, and it appears to have been altered in a material part thereof, it is incumbent on the plaintiff to explain such alteration. If a material alteration is made in a promissory note by a party claiming a benefit under it, with intent to defraud the maker or other parties to it, such alteration voids the whole contract, if they so insist; but if the alteration was unintentional or by mistake, or not made with intent to defraud, it will be enforced by the Court. In such cases, the evidence should be clear and satisfactory upon the point that the alteration of the note was made under such circumstances as will rebut all motive of any *fraudulent intention*; otherwise the party making such material alteration, should suffer the legal consequences resulting therefrom.

Assumpsit. Motion new trial. Decided by Judge UNDERWOOD. Campbell Superior Court. February Term, 1867.

Arnold sued Wheat on the following promissory note:

"$1,147.79.

ATLANTA, GEORGIA, March 8th, 1858.

Twelve months after date, I promise to pay to Thomas Bullard's order, at the Bank of Fulton, the sum of Eleven Hundred and Forty-seven Dollars and Seventy-nine Cents, for value received.                              A. W. WHEAT."

Endorsed:—"THOMAS BULLARD,"
          "RICHARD MOORE,"
          "J. C. DANFORTH."

The plea was that "said note has been altered and changed since he signed and delivered the same, without his knowledge or consent, in this, that the figure and letter '8th' following the word 'March' in said note, have been inserted since the signing and delivery of the same, and the words 'forty-five dollars and twenty-nine cents' in the body of said note have been erased, and the words 'forty-seven dollars and seventy-nine cents' interlined and written, instead of the first words aforesaid, and without the knowledge or consent of defendant." This plea is verified by Wheat's affidavit.

When the note was tendered in evidence, it was objected to

on the ground that it "had been altered, erased and inter-lined, and antedated and increased to a larger amount after it had been signed and delivered by defendant and accepted by J. D. Lockhart, the then owner," &c. The objection was overruled, and the note (and notarial protest) were read in evidence.

Plaintiff then examined WILLIAM ADERHOLD, who testi-fied, that he was, at the date of the note, defendant's chief clerk; he saw the note signed, sealed up in an envelope and mailed to J. D. Lockhart, Atlanta, Georgia; that the words "forty-five dollars and twenty-nine cents" in the body of the note were not erased, and the words "forty-seven dollars and seventy-nine cents" interlined in lieu of them, and the figure "8" following "March" was not inserted in said note, but was a blank when the note was mailed.

A copy of original bill of goods was exhibited to witness, which was dated 22d of March, 1858, (in whose favor, against whom or for what amount the bill was, does not ap-pear by the record); and witness stated that that was the date of the purchase of the goods; he saw them packed and was present at their reception, and said bill was not otherwise settled for than by the giving of said note, and the words "forty-five dollars and twenty-nine cents" were erased, and the words "forty-seven dollars and seventy-nine cents" were interlined after said note was given—which can be seen by reference to the note.

The evidence having closed, the Court charged the jury, that "if a written contract be altered intentionally and in a material part thereof, by a person claiming a benefit under it, with intent to defraud the other party, such alteration voids the whole contract, at the option of the other party. If the alteration be unintentional, or by mistake, or in an immate-rial matter, or not with an intent to defraud, if the contract as originally executed, can be discovered and is still capable of execution, it will be enforced by the Court. If the alter-ation be made by a stranger, and not at the instance or by collusion of a party or privy, if the original words can be restored, the contract will be enforced.

"The alteration in this case being as to the date and the amount of the note, is material, and that is a question for the Court and is a question of law, and I charge you and decide it to be material. The fact of the alteration and the intention with which it was made, are facts for the jury to find. In order to avoid this contract, the jury should believe that the alteration was made with intent to defraud the other party, by the party claiming a benefit under it, as a privy of such party.

"If you believe, from all the evidence in the case, that the alteration was made without any fraudulent intent, and that the contract as originally executed can be discovered and is capable of execution, it should be enforced; or if the alteration were made by a stranger, and not at the instance or by collusion of the party or a privy, if the original words and date can still be restored, the contract should be enforced. Fraud will not be presumed but must be proved, but may be proved by circumstances. You will consider and weigh all the evidence and all the circumstances of the case, and as you may believe, so find your verdict."

The verdict was for plaintiff, for $1,145.29 and costs.

Defendant's attorneys moved for a new trial on the following grounds:

1st. Because the Court erred in deciding that it was not incumbent on plaintiff to account for the alterations and interlineations and antedating of said note before submitting it to the jury, the plea alleging under oath these facts.

2d. Because the Court erred in charging "unless they believed the alterations of said note were made fraudulently, plaintiff had the right to recover on the same, without proving how, or by whom, or when said alterations were made."

3d. Because the Court erred in charging the jury, that if they could ascertain what the contract was before the alterations, &c., were made, they had the right to find a verdict for the amount of said note before altered, notwithstanding it was proved that the alterations were made after the execution and delivery of said note, and without the knowledge or consent of the defendant.

4th. Because the Court omitted to charge the jury, as was insisted on by defendant, that the *onus* was on the plaintiff to account for the alterations, and that the presumption was that the alterations were made by the holder of the note, and would be presumed to be fraudulent in the absence of testimony to the contrary.

5th. Because the jury found contrary to law and the evidence.

The Court overruled the motion and refused a new trial. For this the case is brought up for review.

WILLIAM EZZARD, J. M. EDGE, for plaintiff in error.

J. W. POWELL, for defendant in error.

WARNER, C. J.

The error assigned to the judgment of the Court below in this case, is in refusing to grant the motion for a new trial upon the several grounds specified therein. This was a suit instituted upon a promissory note, alleged to have been altered in a material part thereof, after its execution and delivery. The defendant filed his plea as to the fact of the alteration of the note under oath. When the note was offered in evidence, the defendant objected to its being read until the alteration had been explained or accounted for by the plaintiff. The Court overruled the objection, and allowed the note to be read in evidence to the jury. We think it was incumbent on the plaintiff to have explained the alteration on the face of the note, when offered in evidence, if required to do so. It is true, the 2803d section of the Revised Code relates to instruments not set forth as the basis of the action, so as to require a denial on oath, but we apprehend that section of the Code was not intended to repeal the common-law rule of evidence in such cases by mere *implication*. If, on the production of the instrument, it appears to have been *altered*, it is *incumbent on the party offering it* in evidence, *to explain* this appearance.—1st Greenleaf's Ev., 629, section 564. The plaintiff upon the trial attempted to show that this note

Wheat *vs.* Arnold.

was given for a bill of goods purchased in Atlanta. The note is dated 8th March, 1858. The bill of goods is dated 22d March, 1858. By *whom* the bill of goods was sold, *when,* or *on whose account,* the record does not show, nor is the *amount* of the bill of goods shown. Whether the bill of goods corresponds with the *altered* amount of the note, does not appear. The evidence, as disclosed by the record before us, is entirely vague and unsatisfactory as to the *intent* of the party making the alteration in the note. That the note has been altered, and in a *material* part, there is no doubt, but by *whom,* and with what *intent,* is the question to be determined by the Court and jury under the evidence in the case.

If the alteration of the note was *intentional,* made by a party claiming a benefit under it, with intent to *defraud* the maker or other parties to it, such alteration voids the whole contract, if they so insist. If the alteration was *unintentional,* or by mistake, or *not made with intent to defraud,* it will be enforced by the Court. Revised Code, section 2801. To allow a *material* alteration to be made in commercial paper by the holder thereof, would be productive of great mischief, and whenever it is done, the evidence should be clear and satisfactory that it was done under such circumstances as will rebut all motive of any *fraudulent intention;* otherwise, the party making such material alteration, should suffer the legal consequences resulting therefrom. The evidence in this record is not sufficient or satisfactory upon *that point,* under the law which governs it, in our judgment, and we therefore reverse the judgment of the Court below, and order a new trial in the case.