EARLY W. THRASHER, executor, plaintiff in error, *vs.* JAMES C. ANDERSON, *et al.*, defendants in error.

Where, upon the calling of a cause, a motion was made by the defendant to continue the same on the ground of the absence from providential cause of one of his counsel, who was also his son, and the defendant made affidavit that the absent counsel was the leading counsel, who had been entrusted with the entire charge of preparing and arranging the evidence, and with whom he had more free and full conferences than with any other counsel; that he could not safely go to trial without his presence; that the application was not made for delay; and the Court refused the continuance, and after a verdict for the plaintiff, it appeared on a motion for new trial, that the defendant was seriously damaged by the absence of said counsel in this, that the counsel was in possession of a paper that would have been material evidence on the trial, by reason of the answers to a certain set of interrogatories now opened upon the trial:

*Held,* That, in furtherance of the principles of justice and equity, a new trial ought to have been granted.

Where, on a bill filed by legatees under a will against the executor for an account, the only issue submitted to a jury was, whether a receipt held by the executor, signed by the testator, was a good discharge of certain notes held by the testator against the executor, and the bill charged that the receipt was obtained by undue influence, and whilst the testator was not of sound mind, and the answer set forth the receipt in full and relied on it, and the original was, under order of the Judge, deposited for inspection, and it plainly appeared on its face that

Thrasher *vs.* Anderson *et al.*

certain words and figures therein had been altered, but there was nothing to show that the alterations were made subsequently to its signing:

*Held,* That, as the plaintiff allowed the receipt to go in evidence without any objection to it, on the ground of its alteration, and there was nothing in the evidence to show that the alterations were not made previously to the signing of the same by the testator, the presumption of law is that the alterations were made previously, and it was not competent for the jury to find against the validity of the receipt on the ground of the apparent alterations.

Equity. Continuance. Alteration. New Trial. Before Judge ROBINSON. Morgan Superior Court. September Adjourned Term, 1871.

James C. Anderson and others filed their bill against Early W. Thrasher, as executor upon the estate of Barton Thrasher, deceased. The complainants charged that they were legatees under the will of said Barton Thrasher, executed on the 14th day of October, 1865; that in the second item of said will is found the following language in reference to said executor: "I also hold against him (meaning Early W. Thrasher,) a promissory note for $25,300, dated September 15th, 1864, being the renewal of a note I held against him before the war, and which so far as not paid during my life, he must pay into my estate after my death, so as to be counted in the final division of my estate hereinafter provided for ; and any note I may hold at my death against any of my legatees, bearing date at any time after the date of this will, or any receipt from any of them, for any advancement out of my estate, bearing date as last aforesaid, is to be counted against said legatee in such final division;" that said Early W. was the son of the testator and one of the legatees under his will; that the testator, at the date of his death, was possessed of four promissory notes on said Early W. amounting in the aggregate to the sum of $36,691.74, which notes were never produced to the appraisers by the said executor, and which notes have thus far been wholly unaccounted for; that said Early W., in the partial division already made, has reserved to himself an equal share with the other legatees without ac-

counting in any manner for the amount due the estate on said notes. Various other charges of misappropriation and irregularities were made, which it is unnecessary here to set forth. The complainants prayed an account, payment of the several legacies and a full settlement of the estate. Early W. Thrasher, in his answer, admitted the charge as to the notes on him held by the testator, but set up in defense a receipt alleged to have been given after the execution of the will, but to date back to that time, in which the testator acknowledged to have received from said Early W. the sum of $27,500, to be credited on the notes held by him. It was agreed between counsel for the respective parties that the jury should pass only on the issues of fact; that the calculations should be made by John G. McHenry, Esq., as auditor; that after the issues of fact were decided and the calculations made, a decretal verdict should be signed by the jury. All the charges in the bill, except those relating to the notes and receipt were withdrawn. When the case was called for trial, plaintiff in error submitted a motion for a continuance upon the ground of the absence of B. H. Thrasher, Esq., and made affidavit as follows: "B. H. Thrasher is leading counsel in this case. I have had more frequent and fuller conversations with him than with Colonel Billups or other counsel. He has entire charge of getting up, preparing and arranging the evidence in the case. I cannot go safely to trial without his services. I expect his services at the next term. He is not absent by my consent or procurement. This application is not made for delay only."

As a portion of the showing, plaintiff in error submitted the certificate of Edwin S. Ray, M. D., that the condition of the health of B. H. Thrasher's wife was such as to require his constant presence and attention at home. Also, a letter to Judge Robinson, from B. H. Thrasher, Esq., stating that it was out of his power to attend that term of the Court; that Fulton Superior Court was in session; that Judge Hopkins had excused his attendance on account of the condition

of his family ; that, for these reasons, he desired leave of absence.   The motion for a continuance was overruled.

After the evidence for complainants was closed, defendant introduced in evidence the following receipt, which had some marks of alteration upon its face :

"$27,500.00.   Received of Early W. Trasher, twenty-seven thousand five hundred dollars, to be credited on three notes I hold on him, to be credited on the 14th of October, 1865.   This April 8th, 1867.
              (Signed)                    " BARTON THRASHER."

No objection was made to this receipt, for any cause, upon its introduction.   The receipt had been deposited in the Clerk's office, under order of Court, for inspection.   Subsequent to its introduction, the receipt was attacked upon the ground of its apparent alteration, and by evidence of incapacity to attend to business, on the part of testator, on the day of its purported date.   The jury returned the following verdict : " We, the jury, find for complainants, so far as the receipt is concerned."   A formal decretal verdict was then prepared and signed.

Plaintiff in error moved for a new trial, upon several grounds, only two of which it is here necessary to mention : 1st. Because the Court erred in overruling the motion for continuance made by defendant, on account of the absence of B. H. Thrasher, Esq., leading counsel.   2d. Because the verdict of the jury is contrary to and against the charge of the Court, contained in the following words : "An alteration of a written instrument, if nothing appears to the contrary, should be presumed to have been made at the time of its execution."

With the motion for a new trial, was submitted the affidavit of B. H. Thrasher, Esq., to the effect that certain facts were known to him alone, as leading counsel in the above stated case ; that he was in possession, at the time of the trial, of the written admission of one of the witnesses for complain-

ant, to facts most important to the defense; that the evidence of this witness for complainants, by interrogatories and answers, was then in Court; that, induced by this writing, and by other verbal statements made by said witness to him, and by the desire to contradict his testimony for complainants, he sued out a commission, with interrogatories attached, for said witness, and had the same executed; that the answers to these interrogatories were not read upon the trial; that, had he been present, he would have read said answers, and then have introduced evidence which was in his possession and personal knowledge, and which he had not communicated to his associate counsel, to impeach the testimony of the said witness; that he would have been entitled, under the law, to pursue this course, notwithstanding the fact that said witness had been introduced for defendant, by showing that he had been entrapped by the written and verbal statements already alluded to. The motion for a new trial was overruled and plaintiff in error excepted.

The Judge, in his certificate to the bill of exceptions, stated the case had been continued three times in consequence of the absence of counsel for the defendant, which fact had its influence with the Court in overruling the motion for a continuance.

THRASHER & THRASHER; BILLUPS & BROBSTON; CLARK & GOSS, for plaintiff in error, cited Daniel's Ch. Pr., 376, 992; 24 Ga. R., 217; Code, sec 4134; 17 Rule of Eq. Pr.; Code, sec. 3474; 36 Ga. R., 54; Code, secs. 2808, 2811, 3754, 2821, 2618; Story's Eq. Ju., 705–6; 38 Ga. R., 560; 30 *Ibid.*, 690; 1 P. Wms., 462; Rosser on Legacies, 340; Code, sec. 2538; 16 Ga. R., 16; 24 *Ibid.*, 505; Ward on Legacies, 261; Rosser on Legacies, 227; 38 Ga. R., 320; 17 *Ibid.*, 558.

REESE & REESE, for defendants, cited 40 Ga. R., 529; 10 *Ibid.*, 85; 18 *Ibid.*, 383; 24 *Ibid.*, 473; 30 *Ibid.*, 237; Code, sec. 4132, 4141; 17 Ga. R., 558; 1 Greenleaf, sec. 564 and 165; 16 Ga. R., 16.

Thrasher *vs.* Anderson *et al.*

McCay, Judge.

We think, after a careful examination of the record in this case, that the principles of justice require another trial. The verdict cannot, in our judgment, be legally sustained, except on the evidence of imposition by the defendant in procuring the receipt from the testator, when he was incompetent to contract. We do not say this is the truth, but that it must have been only on that point that the jury acted. There is some evidence to sustain the verdict on that issue, and we should hesitate to disturb it, under the rule we have so often announced, had that branch of the case been fairly before the jury. Very much of the strength of the plaintiff's case turned on the evidence of W. H. Thrasher. Had Mr. B. H. Thrasher been present, the papers in his possession and his knowledge of this witness' conduct in relation to his testimony would have enabled the defendant seriously to weaken the effect of this testimony before the jury.

It is made very apparent by the affidavits in the motion for new trial that the absence of Mr. B. H. Thrasher was providential, and though it may be that the Court did not err in refusing the continuance, with the evidence before him at the time, yet it is now very clear that the defendant was seriously damaged by his absence, and that he was kept away by causes which justified his remaining at home. Under sections 3662 and 3667 of the Code a new trial ought to be granted when the principles of justice require it. As we view the case, the defendant, without any fault of his own, has been deprived of material testimony upon the principal point on which his case must, under the law, have turned, as well as lost the aid before the jury of the principal counsel on which he relied. Nor is the counsel to blame for his absence. For this reason we think a new trial ought to be granted.

We say nothing about the effect of the alteration of the receipt on the minds of the jury. We will not presume that

they failed to heed the charge of the Judge. It has been assumed, on both sides in the argument, that the verdict turned largely on the evidence before the jury of the alteration in the receipt, and were the verdict not sustainable on the ground we have mentioned, we should be very slow to let it stand on the proof, as to the alteration. The rule is well settled in this State that alterations are, *prima facie*, presumed to have been made before execution, unless the paper be denied on oath: 17 Ga., 558; 31 Ga., 371; 36 Ga., 482.

If the alteration be subsequent to the execution, and be to a material point, and be intentional by one claiming a benefit under it, with intent to defraud the other party, it is void: Code, 2801. There are some other provisions of the Code, (sections 2803, 3782,) from which it may be argued that, in all cases, the burden of explanation is upon the party producing the paper. But these clauses are to be understood of alterations, apparent upon the paper, to have been made after the execution. They are not, in fact, alterations, if made before. If made after, as sometimes is apparent from inspection, the party producing the paper must show that the alteration was not intentional, or bring it within some of the exceptions provided in section 2801 of the Code. The case in 17 Georgia, 558, is perfectly consistent with these sections, and lays down the rule as we have stated. If this rule means anything, it is that, unless it appear affirmatively that an apparent alteration was made after execution, it is not to be considered. It is absurd to say that, *prima facie*, the presumption is one way, but the jury may, at their pleasure, treat this presumption as of no weight. As we understand the rule, there must be something to rebut the presumption— something on the face of the paper or in the *aliunde* proof, going to show that the alteration was made subsequent to the execution.

We see nothing in the evidence going to show this. The paper has, without doubt, been altered, perhaps in several important particulars. But who can say, from the evidence,

Thrasher *vs.* Anderson *et al.*

that it was done after it was signed? What evidence there is, is all in favor of the paper being just as it was when signed. Every mark upon it, showing change, may just as well have been made, with the free consent of the maker, at the time of the signature as afterwards. Nothing is more common in this State than alterations and interlineations in deeds and other papers. Since the decision of the case in 17 Georgia, 558, even lawyers often allow papers, prepared by themselves, to be altered before signature. And why not? The burden of showing that the alteration was made after execution is upon the objector, and no harm comes of it. Whether the rule is a wise one, is not the question. It is enough that the rule exists, and is to be heeded not only by Judges, but by juries also.

It was not competent for the jury to find this verdict on the ground that this paper showed upon its face that certain words in it had been changed from one thing to another, unless the evidence also showed that the change was made after the paper was signed. That was the legal effect of the ruling of the Court, and, as we have said, it was not competent for the jury to disregard it. The paper goes before them with a presumption that the alteration was before the signing. That presumption is good until it is rebutted.

We put our reversal on the first ground, because we have no right to presume that the jury disregarded the charge of the Court. They may have found on the ground of imposition upon a man too weak to know his own mind, and as that branch of the case was not fairly before the jury, we think the defendant below ought to have a rehearing.

Judgment reversed.