### James B. Church *vs.* Joseph Fowle.

Suffolk. March 29. — May 8, 1886. W. Allen & Holmes, JJ., absent.

If a promissory note is attested, before delivery, by a person not a party to it, with-
out the procurement or knowledge of either party, and the note is accepted by
the payee without any knowledge that it has been attested, and without relying
upon the attestation as a part of the contract, the attestation is not such a
material alteration as will make the note void, but may be stricken out; and an
action may be maintained upon the note.

Contract, upon the following instrument, purporting to be
signed by the defendant, by his mark, and to be witnessed by
A. W. Holway: " $370.00. Boston, June 27, 1884. Borrowed
and received of James B. Church three hundred and seventy
dollars, which I promise to pay on demand with interest at six
per cent per annum." The answer contained a general denial,
and a denial of the defendant's signature; and further alleged

that, " if the plaintiff shall show that he did sign said contract, then the defendant says that he is an illiterate person and did not know that he signed said contract, and that his signature thereto was procured by fraud and misrepresentation, for that said contract was not the contract he agreed or intended to sign."

Trial in the Superior Court, before *Blodgett*, J., who allowed a bill of exceptions, in substance as follows:

Holway, the attesting witness to the note, testified that, at the date of the note, the plaintiff and defendant came to his store, and one of them requested him to make out a note to be signed by the defendant for $370; that he then drew the note in suit, and, before it was signed, read it to the defendant; that the defendant said he could not write; and thereupon he wrote the name of the defendant thereon, and the defendant touched the pen while he made the mark. On cross-examination, he testified that neither the plaintiff nor the defendant requested him to witness the signature of the defendant; and that he did it of his own motion, and as a matter of course, because the defendant signed by mark, and he did not read the attestation to the defendant, or inform either the plaintiff or defendant that he had made such attestation.

The plaintiff testified that he and the defendant went to Holway's store, and he told Holway that he had agreed to lend the defendant $370, and desired Holway to make out a note for the defendant to sign; that Holway made out the note in suit, and read it to the defendant, after which Holway signed the name of the defendant thereto, and the defendant touched the pen when the mark was made; and that he, the plaintiff, then let the defendant have the $370. On cross-examination, the plaintiff testified that nothing was said by anybody about witnessing the signature of the defendant; and that he did not know of the attestation until some time after the note had been delivered to him by Holway.

It was further testified to, and not controverted, that the defendant could neither read nor write; and no evidence was offered tending to show that the defendant had any knowledge that Holway had signed his name on the note as a witness to the defendant's signature, except that Holway testified that he

signed his name as a witness at the time when the paper was signed by the defendant.

The defendant testified that the note in suit was not read to him, and that he did not sign it; that he was to have the money for two years without interest, and that, when he received the money, no paper was read to or signed by him.

The defendant requested the judge to rule as follows: "1. The insertion of the words, 'Witness, A. W. Holway,' in the body of the note in suit, after the defendant signed it, changed its terms and materially enlarged his liability upon it. 2. There is no evidence in this case which will warrant the jury in finding that the insertion of the words, 'Witness, A. W. Holway,' after the defendant signed the note in suit, was authorized by the defendant, and the court should order judgment for the defendant." The judge declined so to rule.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*G. W. McConnell*, for the defendant.

*F. F. Fay*, for the plaintiff.

FIELD, J.   The evidence was that Holway attested the note as a witness before it was delivered to the plaintiff, and that he did this, without the knowledge of either the plaintiff or defendant, " as a matter of course, because the defendant signed by mark;" and the argument is that this attestation materially enlarged the defendant's liability, because an action can be brought upon an attested note at any time within twenty years after the cause of action accrues, while, if the note is not attested, an action must be brought within six years.   Pub. Sts. *c.* 197, §§ 1, 6, 7.   If it be assumed that the effect of a witness attesting the signature of the maker of a note who signs by his mark is to bring the note within §§ 6 and 7 of this chapter of the Pub. Sts., that this is a material alteration, and that there is no such custom of witnessing such signatures that it can be considered that the defendant must be held to have authorized the attestation, yet the attestation was made before delivery, and was not made by the payee or by his procurement, and it was not an alteration of an existing contract.   There is, indeed, no evidence that the attestation was made by Holway with any fraudulent intent, unless the fact that he made it is, under the

circumstances, evidence of a fraudulent intent; and Holway, in writing the note, was as much the agent of the defendant as of the plaintiff. Taking the case most favorably for the defendant, it is that of a material alteration of a note, by attesting it before delivery, by one not a party to it, without the procurement or knowledge of any party, the note being received and accepted by the payee without any knowledge that it had been attested, and without relying upon the attestation as a part of the contract. Such an alteration does not make the note void, but the alteration, being unauthorized and no part of the contract as understood or intended by either party, may be stricken out. *Nickerson* v. *Swett*, 135 Mass. 514. *Drum* v. *Drum*, 133 Mass. 566. See *Fay* v. *Smith*, 1 Allen, 477; *Adams* v. *Frye*, 3 Met. 103, 106; *Smith* v. *Dunham*, 8 Pick. 246.

*Exceptions overruled.*