Gwin *v.* Anderson & Brothers.

91  827
103  606

1. Where a promissory note due at a future time did not when executed specify any place of payment nor any rate of interest from date, it is materially altered by inserting the name of a bank, which name includes the location of the bank, as the place of payment, and six as the rate per cent. of interest from date. This is true although the body of the note was printed and blank spaces

were left in the printing for expressing a place of payment and rate of interest. With these spaces unfilled, the note would be payable generally and not at any particular place, and would bear no interest at any rate whatever until after maturity.

2. A special plea on oath offered in due time as an amendment to a plea of *non est factum*, should have been allowed if it had been pleaded as a partial defence only, the same alleging "that the note, foundation of plaintiff's action, has been altered or changed since signed by defendant, and without defendant's knowledge, consent or authority, in this: that as signed, the note was payable generally and not at any bank; whereas it is now, as has been altered or changed, made payable at Nat. Bank of Dalton; further defendant says said note when signed did not have on its face the figure 6 between the words 'at' and 'per,' but that same has been added since signed, without defendant's knowledge, consent or authority." The effect of the plea, if sustained by evidence, would be only to defeat the action as to interest from the date to the maturity of the note, there being in the plea no allegation that either of the alterations was made by a person claiming a benefit under the note, with intent to defraud the defendant. In order to render the note void, these allegations as to one or both of the alterations would have to be made and supported by proof. Code, ?2852. As the plea was to the whole action, and set up that the note was void by reason of the alteration, and was not insisted upon as a partial defence only, there was no error in striking the same.

3. Where a plea of *non est factum* has been filed to a suit on a promissory note, the note is admissible in evidence upon proof of the defendant's admission that he signed it, and without explanation of any of it contents which do not appear as alterations on the face of the note.

4. The court did not err in overruling the *certiorari*, inasmuch as the special plea stricken was not a defence to the whole action and was not pleaded or insisted upon as a partial defence only.

July 26, 1893.

Before Judge MILNER. Gordon superior court. August term, 1892.

W. R. RANKIN, for plaintiff in error.

O. N. STARR and R. J. & J. McCAMY, contra.

SIMMONS, Justice.

This was an action in a justice's court on a promissory note, in the following words and figures:

"Gordon county, State of Georgia, Aug. 7th, 1890.

"$36.00. On or before the first day of August, 1891, I promise to pay L. Cahill & Co., or bearer, without off-set, thirty-six dollars, at Nat. Bank of Dalton, value received. If paid at maturity, interest at six per cent. from August 1st, 1891, but if not paid when due, interest at 6 per cent. per annum from date until paid. Homestead and all other exemption waived by the maker and each indorser.        (Signed)    J. T. Gwin."

To this action the defendant filed a plea in which he alleged, that the note had been altered or changed since signed by the defendant, and without his knowledge, consent or authority, in this: that as signed, the note was payable generally and not at any bank; whereas it is now, as altered or changed, made payable at the National Bank of Dalton; and that when signed, it did not have on its face the figure "six" between the words "at" and "per," but that the same has been added since signed, without his knowledge, consent or authority; whereby his liability is increased, and under the law he ought not to be held liable for any sum. Upon demurrer this plea was stricken. The plaintiff proved the execution of the note, and then offered it in evidence. The introduction of the note was objected to by the defendant, and the objection was overruled. The justice rendered judgment for the plaintiff, and the defendant sued out a *certiorari* to the superior court, and on the trial of the case in that court, the *certiorari* was overruled. The defendant excepted, and brought the case here for review.

1. It appears that this note, when executed, did not specify any place of payment or any rate of interest from date. The place of payment, as well as the rate of interest from date, was afterwards inserted. This, in our opinion, was a material alteration. As originally executed, the note was payable generally, and not at any particular place; and not containing when executed any

rate of interest from date, it would not have borne any interest at all until after maturity. The fact that the body of the note was printed, and blank places left for expressing a place of payment and rate of interest, would not authorize the holder of the note to fill these blanks. There is some conflict in the decisions of different courts on this subject; but we think the sounder and better view is, that the filling of these blanks, as above stated, was a material alteration of the note.

2. Section 2852 of the code declares: "If a written contract be altered intentionally, and in a material part thereof, by a person claiming a benefit under it, with intent to defraud the other party, such alteration voids the whole contract, at the option of the other party. If the alteration be unintentional, or by mistake, or in an immaterial matter, or not with intent to fraud, if the contract as originally executed can be discovered and is still capable of execution, it will be enforced by the court. If the alteration be made by a stranger, and not at the instance or by collusion of a party or privy, if the original words can still be restored, the contract will be enforced." When, therefore, a party sued upon a written contract seeks to avoid it entirely by setting up that it was altered in a material part, he must allege in his plea that the alteration was made by a person claiming a benefit under the contract, and with intent to defraud. If this allegation is made, and is sustained by proof, he will not be held liable for any amount on the contract. If the alteration is unintentional, or made by mistake, or in an immaterial matter, and without intent to defraud, the court will enforce it, if the original contract can be discovered and is capable of execution. *Lowry* v. *McLain*, 75 *Ga.* 372 (3). The plea above set out not alleging that the alterations were made by a person claiming a benefit under the contract, and with intent to defraud, and no proof being offered to show these

facts, the court did right in holding that the note was not void. The effect of the plea, as above set out, if sustained by evidence, would be to defeat the action as to interest from the date to the maturity of the note; but it was not insisted on as a partial defence, or as a defence to the amount of interest. The defence relied upon being that the defendant was not liable for any amount on the note, because of the material alterations therein, and the plea not containing the allegations required by the code, the court did right in striking the plea.

3. In order to meet the plea of *non est factum*, the plaintiff proved by a witness that the defendant had admitted signing the note. When this was done, it was admissible in evidence without any explanation of its contents which do not appear as alterations on the face of the note.

4. Inasmuch as the plea stricken was not a defence to the whole action, and was not pleaded or insisted upon as a partial defence only, the court did not err in overruling the *certiorari*.    *Judgment affirmed.*