## WINKLES *v.* GUENTHER & COMPANY.

1. Where a change in a material part, made by erasure and interlineation, appears in a written contract, it is not such an " alteration " as is referred to in section 2852 of the Code, if made before execution; but is such an alteration, if made afterwards, without the consent of the other contracting party.
2. The materiality of an alteration is a question of law for the court. When the genuineness of the instrument is denied under oath, the time when, and the intention with which, a change was made in it, are questions for the jury.
3. Where suit was brought upon a promissory note which showed on its face that the amount originally written therein had been changed to a larger amount, and the defendant filed a sworn plea of *non est factum,* and also a plea alleging that, without his consent, the note had been " raised " in amount after he had signed it, by one claiming a benefit under it, with an intention to defraud the maker, the burden of proof was on the plaintiff to explain when and for what purpose the change was made.

May 19, 1896. By two Justices. Argued at the last term.

Complaint on note. Before Judge Janes. Polk superior court. February term, 1895.

*Irwin & Bunn,* for plaintiff in error.
*Blance & Fielder,* contra.

LUMPKIN, Justice.

An action upon a promissory note for $126.50 was brought by Guenther & Company against Winkles. He filed a plea of *non est factum,* and also a plea alleging that without his knowledge or consent the note, after he had

signed it, had, with intent to defraud him, been altered by the owner, or some one having an interest in it, by changing the word "four" to the word "six," thus making it a note for $126.50 instead of $124.50, as it was when signed. The evidence showed that the note as originally written was for the latter amount, but was decidedly conflicting as to when the erasure and interlineation had been made. There was a verdict for the plaintiff for the lesser amount, and the defendant assigns error upon the overruling of his motion for a new trial.

1. It is obvious that if the change in question was made before the note was executed, there was no "alteration" at all; for in that event, the note remained exactly as it was when signed, and accurately expressed the contract intended to be made. If the change was made after signing, then there was such an "alteration" as is contemplated by section 2852 of the code; and in that event, it would become important to ascertain by whom, and with what intent, the terms of the note as originally written were changed.

2, 3. The materiality of an alteration in a contract is always a question of law for the court. The alteration in the present case, though apparently trivial, was material in a legal sense, because its effect, if unchallenged, would be to make Winkles liable for a larger amount than he had contracted to pay. In the opinion by Judge Lumpkin in *Tedlie* v. *Dill*, 2 *Ga.* 131, he states that the materiality of the alteration is always a question for the court, and then remarks, "but whether the alteration was made before or after the execution of the instrument, in the more recent cases, has been decided by the court; formerly, it was referred to the jury." Be this as it may, the law is now well settled that when the genuineness of the instrument is denied under oath, the time when, and the intention with which, a change in it was made, are questions of fact for the jury. In the case just cited, Judge Lumpkin also re-

marked that some of the authorities maintained that if an instrument was altered in a material part, and the party claiming under it failed to explain it, the contract was absolutely void and there could be no recovery upon it; but that, on the other hand, it had been held that the law will not presume that an alteration apparent upon the face of the paper was made after its execution. It is, however, not a case for presumption where a plea of *non est factum* has been filed and the alteration distinctly attacked as having been made after execution. In that event, the plaintiff is put on proof. In *Planters & Mechanics Bank* v. *Erwin*, 31 *Ga.* 371, it was held that in such a case the law presumes nothing, but leaves the whole question to be passed upon by the jury. And see *Wheat* v. *Arnold*, 36 *Ga.* 479, which was an action on a promissory note, the defense to which was that the note had been altered and changed, after the defendant had signed and delivered the same, in certain specified and material parts. The remarks of Judge McCay in *Thrasher* v. *Anderson*, 45 *Ga.* 544, are in perfect accord with what we now rule, for he says, "the rule is well settled in this State that alterations are, *prima facie,* presumed to have been made before execution, *unless the paper be denied on oath.*" And again, in *Thompson et al.* v. *Gowen*, 79 *Ga.* 70, it was decided that a bond altered in a material part and declared upon as altered, was admissible in evidence without explaining the alteration, "unless there is a sworn plea of *non est factum,* or some plea denying on oath that the alteration was made with the consent or by authority of the makers of the instrument." Indeed, section 3835 of the code settles the whole question. It declares: "If the paper appears to have been materially altered, unless it is the cause of action, and no plea of *non est factum* is filed, the party offering it in evidence must explain the alteration, unless the paper comes from the custody of the opposite party."

Although the verdict in the present case was apparently

just, we are constrained to grant a new trial because the court submitted to the jury the question of the materiality of the alleged alteration in the note, and also charged them that the burden of proof was on the defendant to show that the alteration was material and that it was made by the owner of the note, or some one interested in it, with the intent to defraud the defendant. These instructions were erroneous, and necessitate another hearing. If the law had been correctly presented to the jury, this court would not have disturbed the verdict rendered.

*Judgment reversed.*