## MOZLEY *v.* REAGAN.

1. A plea by a defendant that the note sued on "does not appear as it did when it was signed, having been altered by marking and scratching over the same with pen and ink," and that he did not execute the note "in the shape it now is," is not such a plea of non est factum or of alteration as to put on the plaintiff the burden of proving the execution of the note by the defendant.
2. The evidence demanded the verdict for the plaintiff, and the trial judge did not err in so directing.
3. Damages are awarded for bringing this case to the Supreme Court for delay only.

Argued October 9, — Decided November 2, 1899.

Complaint. Before Judge Janes. Haralson superior court. July term, 1899.

*E. S. & G. D. Griffith*, for plaintiff in error.
*W. R. Hutcheson* and *Beall & Johnson*, contra.

Simmons, C. J. 1. Reagan brought an action against Mozley, in a justice's court, on a promissory note. The defendant filed various pleas to the action,—a plea of not indebted, a plea of payment, a plea of fraud and collusion between the original payee and the plaintiff, and a plea that the note had been so altered that it "does not appear as it did when it was signed, having been altered by marking and scratching over the same with pen and ink," and that he did not execute the note "in the shape it now is." The defendant seems to have prevailed in the justice's court, and Reagan appealed to the superior court. On the trial in the latter court, when Reagan offered the note in evidence, it was objected to by Mozley on

the ground that the execution of the note had not been proved. The court overruled the objection and admitted the note in evidence, to which ruling Mozley excepted. We think that the plea filed by the defendant as to the alteration of the note was not sufficient to put on the plaintiff the burden of proving the execution of the note. A plea of this kind should state that the note had been altered intentionally, and in a material part thereof, by a person claiming a benefit under it, with intent to defraud the defendant. Civil Code, § 3702. The plea filed states none of these things, and if demurred to should have been stricken. It was therefore not necessary, under such a plea, for the plaintiff to prove the execution of the note ·before its introduction as evidence.

2. There was a total failure on the part of the defendant to establish by proof any of the pleas he had filed. It was shown by the plaintiff that he had purchased the note, for a valuable consideration, before it was due and before the defendant had made any payments on it to the original payee. The defendant's testimony shows that the lumber which he claimed was delivered to the original payee in payment of the note was delivered subsequently to the transfer of the note by the payee to Reagan ; nor was there any evidence whatever of fraud or collusion between the payee and Reagan. The evidence, therefore, demanded a verdict for the plaintiff, and the court did not err in directing the jury to so find.

3. The writ of error being palpably without merit and it being manifest that this case was brought here for delay only, damages are awarded against the plaintiff in error.

*Judgment affirmed, with damages. All the Justices concurring.*