### 4342.  MORGAN v. NASHVILLE GRAIN COMPANY.

HILL, C. J.  1. Where one who was sued for breach of contract sought to avoid the contract entirely by setting up that it was altered by the plaintiff in a material part, it was proper for the court to charge that if the alteration was made unintentionally, or without any intention to defraud, it would not render void the contract as originally made; and that if the plaintiff was otherwise entitled to recover, he could still recover on the contract as it stood before the change was made, if the original contract could be discovered and was capable of execution. Civil Code (1910), § 4296; *Lowry* v. *McLain*, 75 *Ga.* 372; *Gwin* v. *Anderson*, 91 *Ga.* 827, 830 (18 S. E. 43); *Shirley* v. *Swafford*, 119 *Ga.* 43 (45 S. E. 722).

2. Even if suit is brought on a contract in its altered form, a recovery may be had, on proof of the contract in its original form, if the evidence shows that the alteration was immaterial, or was unintentional, or was made without intent to defraud, and if the plaintiff in other respects is entitled to recover on the original contract. Civil Code (1910),

§ 4296; *Wheat* v. *Arnold*, 36 *Ga.* 479; *Burch* v. *Pope*, 114 *Ga.* 334 (40 S. E. 227) ; *Miller* v. *Slade*, 116 *Ga.* 772 (43 S. E. 69).

3. The evidence warranted the conclusion that even if the alteration in the contract was material, and was made by the plaintiff, it was made without any intention to defraud the defendant, and that the defendant was not and could not have been defrauded by it.

4. The evidence pertinent to the alleged alteration in the contract was in direct and sharp conflict, and the jury may have found that as a matter of fact no alteration was made by the plaintiff, but that the contract sued on was the contract as originally made between the parties.

5. A written contract for the sale and purchase of goods can not be rescinded by a countermand of the order for shipment of the goods, or by a notice by the purchaser to the seller that he will not accept the goods if shipped. Before a valid rescission is accomplished the seller must give his assent thereto. *Oklahoma Vinegar Co.* v. *Carter*, 116 *Ga.* 140 (42 S. E. 378, 59 L. R. A. 122, 94 Am. St. R. 112), and citations; *Southern Flour Co.* v. *St. Louis Grain Co.*, 11 *Ga. App.* 401 (75 S. E. 439).

6. There is no merit in any of the numerous exceptions in the motion for a new trial, the rulings on testimony excepted to were correct; the instructions were full, fair, and accurate; the record presents no error of law, and the verdict is fully supported by the evidence.

*Judgment affirmed.*

DECIDED MARCH 18, 1913.   REHEARING DENIED APRIL 16, 1913.

Action on contract; from city court of Atlanta—Judge Reid. June 15, 1912.

*J. F. Golightly,* for plaintiff in error.

*Dorsey & Shelton,* contra.