# CASES

## DECIDED IN THE

# COURT OF APPEALS OF GEORGIA

### AT THE

## MARCH TERM, 1913

---

### 4812. INTERNATIONAL HARVESTER CO. *v.* DAVIS.

1. The affixing of the name of an attesting witness to a mortgage on personalty after delivery and without the consent of the mortgagor is not such a material alteration as will invalidate the mortgage.
2. The description of property in a mortgage as "all my shop tools and fixtures . . in my possession" is not void for indefiniteness, and may be aided by parol evidence.

DECIDED JUNE 25, 1913.

Affidavit of illegality; from city court of Sandersville—Judge Jordan. January 22, 1913.

*Goodwin & Wood,* for plaintiff.

*Hardwick & Wright,* for defendant.

POTTLE, J. Davis executed to the International Harvester Company a mortgage upon the property described as follows: "One bay horse, about nine years old, named Bill; one top buggy, made by Bull Buggy Company; also all my shop tools and fixtures . . in my possession." The mortgage was attested by one Carroll, a notary public. To the levy of a fi. fa. based on the foreclosure of the mortgage Davis interposed an affidavit of illegality, setting up that the description of the property in the mortgage was too indefinite, and especially the description of the shop tools and fixtures. It was further averred that the mortgage and the fi. fa. issued thereon were void because the mortgagee, without the consent or knowledge of the mortgagor, altered the mortgage by having Carroll, as notary public, attest the mortgage as a subscribing witness, with intent to injure and defraud the mortgagor. On the trial the

defendant admitted the execution of the mortgage, assumed the burden of proof, and testified that when the mortgage was executed he told the agent of the mortgagee that there was no need of a notary public, as he did not expect to give a second mortgage and did not want the mortgage put on record; and that he had never at any time requested Carroll to witness any paper for him. Another witness testified that Carroll was not present when the mortgage was executed. Carroll testified that Davis told him he wanted him to witness a paper; that later the mortgage was brought to him at his office, and, being familiar with Davis's signature, he attested the mortgage in the absence of Davis. The jury found in favor of the illegality, and the plaintiff's motion for a new trial was overruled. Error is assigned upon the following charge of the court: "If the plaintiff, after the signing of the mortgage, fraudulently procured a witness to attest the mortgage, not in his presence, and without the consent, express or implied, of the maker, then it would be a material alteration, and the instrument would be void; if, on the other hand, you believe that the mortgage was attested, not in the presence of the maker, but with his consent or by his direction to the officer, or under his authority, then the alteration would not be material, and the mortgage would be good between the parties." Error is further assigned upon the following instruction of the court: "I charge you that the mortgage is insufficient in law as regards the shop tools, but good as to the other property therein described, provided there is no material alteration."

1. Prior to the code the rule in reference to the alteration of written instruments was very strict. In *Broughton* v. *West,* 8 *Ga.* 248, the law was stated as follows: "If a bill or note be altered, without the consent of the parties, in any material part, it will be void as to all parties not consenting to the alteration, even in the hands of an innocent holder—as, in the date, sum, time when payable, or consideration. Nor does it matter by whom made; the alteration is fatal, whether made by a party or a stranger—whether innocently or fraudulently." It was further held that "anything will be material which varies the rights and obligations of the parties in the minutest particular." The court held, however, that the cutting off of the name of a surety to a joint and several note, with the consent of the payee, was not such a material alteration as

would invalidate the note, since the obliteration of the name of the surety in nowise affected the principal. See, also, *Low* v. *Argrove,* 30 *Ga.* 129, where it was held that changing the consideration in a note was a material alteration and avoided the whole note. Under the code, before an alteration in a written instrument will vitiate the whole instrument, three things must appear: The alteration must be material, it must have been made by a person claiming a benefit under it, and must have been made with intent to defraud. Unless all three of these things appear, the contract as originally executed will be enforced, if it can be discovered and is still capable of execution. Civil Code, § 4296; *Hotel Lanier Co.* v. *Johnson,* 103 *Ga.* 604 (30 S. E. 558) ; *Burch* v. *Pope,* 114 *Ga.* 334 (40 S. E. 227) ; *Shirley* v. *Swafford,* 119 *Ga.* 43 (45 S. E. 722). In *Lowry* v. *McLain,* 75 *Ga.* 372, where the name of a partnership was changed in a printed form containing a reservation of title, and the name of an agent of the partnership substituted, it was held that, as title retained by an agent as such remains in the principal, the defendant's rights were the same as if no alteration had taken place, and hence it could not be said that the alteration was material. See, also, *Pritchard* v. *Smith,* 77 *Ga.* 463. The following have been held to be material alterations: The addition of the words "or bearer" to a note, after the name of the payee (*McCauley* v. *Gordon,* 64 *Ga.* 222) ; the insertion of the name of a bank as the place of payment, and 6 per cent. as the rate of interest. *Gwin* v. *Anderson,* 91 *Ga.* 827 (18 S. E. 43). On the question of burden of proof, see *Wheat* v. *Arnold,* 36 *Ga.* 479; *Thrasher* v. *Anderson,* 45 *Ga.* 538, 544; *Winkles* v. *Guenther,* 98 *Ga.* 472 (25 S. E. 527).

In some of the earlier decisions it was held that where a note not before witnessed was attested by a person not present at the signing, the attestation was a material alteration of the contract and destroyed its validity; but these decisions were put upon the ground that a note not witnessed was barred by the statute of limitations sooner than one thus attested, and that for this reason the paper as altered was a different contract from the one executed. See Smith *v.* Durham, 8 Pick. (Mass.) 246; Brackett *v.* Mountfort, 11 Maine, 115; Homer *v.* Wallis, 11 Mass. 308 (6 Am. D. 169). In later cases it was held that such an alteration would not void the contract unless it was fraudulently made, with a view of obtaining some improper advantage. Adams *v.* Frye, 3 Met.

(Mass.) 103; Milbery *v.* Storer, 75 Me. 69 (46 Am. R. 361); Church *v.* Fowle, 142 Mass. 12 (3 N. E. 764); Ford *v.* Ford, 17 Pick. (Mass.) 418. In two early cases in Pennsylvania it seems to have been held broadly that the addition of the name of a witness for the purpose of authenticating a contract, the witness not being present at the execution, would invalidate the writing. Marshall *v.* Gougler, 10 Serg. & R. 164; Henning *v.* Werkheiser, 8 Pa. St. 518. In an early North Carolina case it was held that the mutilation of a note by cutting off the name of an attesting witness was a material alteration which would vitiate the note. Sharp *v.* Bagwell, 16 N. C. 115. In Fuller *v.* Green, 64 Wis. 169 (24 N. W. 907, 54 Am. Rep. 600), a decision rendered in 1885, it was held that the affixing of the name of an attesting witness to a promissory note is not a material alteration. In the opinion it was said: "The affixing of the name Fredericks as an attesting witness to the note in question does not change the liability of the maker thereof in any respect. It has no effect in extending his liability under the statute of limitations, nor does it under our laws facilitate or interfere in any way with its proof. Under our law the production of the note proves its execution, unless the signature be first denied under oath by the maker. When there is no dispute as to the genuineness of the maker's signature, and therefore no necessity for the person claiming under it making proof of its execution, the fact that the note has or has not an attesting witness is wholly immaterial." See Mersman *v.* Werges, 112 U. S. 139 (5 Sup. Ct. 65, 28 L. ed. 641), where it was held that the addition of the signature of a surety to a promissory note without the consent of the maker does not discharge him, since the ultimate liability of the maker was neither increased nor diminished by the alteration. See, also, Ogden on Negotiable Instruments, § 144; Joyce on Defenses to Negotiable Paper, § 177.

In this State a mortgage is good inter partes without any witness, and the only purpose of having an official witness to such a paper is to admit it to record. *Smith* v. *Camp,* 84 *Ga.* 117 (10 S. E. 539); *Benton* v. *Baxley,* 90 *Ga.* 296 (15 S. E. 820). As between the parties, it is wholly immaterial whether the mortgage is admissible to record or not. In the present case, even if the mortgagee held the burden of showing that the so-called alteration was innocently made, and even if the evidence sufficiently shows

that it was made at the instance of the mortgagee, the finding of the jury can not be sustained, because the addition of the name of the subscribing witness was wholly immaterial as between the parties to the instrument, the execution of the mortgage having been admitted. The liability of the mortgagor was in nowise changed, nor could it have been affected in any way by the attestation. If the mortgagee agreed to withhold the mortgage from record, and the agreement was valid as having all the elements of a contract, and the mortgagor was damaged by its breach, he might recover damages in a suit brought for that purpose; or he might in equity, if there was a sufficient reason for so doing, set off his damages against the mortgage foreclosure. But the mere addition of the name of the subscribing witness, even without the consent of the mortgagor, and even though the attestation itself was invalid because the maker did not sign in the presence of the witness, was not such a material alteration of the mortgage as would invalidate it, under our code. On this issue a verdict was demanded in favor of the plaintiff, and the instruction complained of was erroneous.

2. We think the court erred also in holding that the description of the property contained in the mortgage was too indefinite. The maxim, "That is certain which can be made certain," was applicable, and it was competent to aid by parol the indefinite and uncertain description in the mortgage of "all my shop tools and fixtures in my possession." See *Pepper* v. *James, 7 Ga. App.* 518 (67 S. E. 218).

The court erred in overruling the motion for a new trial.

*Judgment reversed.*