5769. CITIZENS BANK OF TIFTON *v.* TIMMONS *et al.*

WADE, J. 1. Generally the cashier of a bank, as such, has no authority to compromise or discharge debts due his bank without payment, or by accepting other securities, and authority from the bank must be shown expressly or by necessary implication, or by usage or practice, or mode of doing business of that particular bank, or it must be shown to have been acquiesced in or in some other way ratified by the bank, to be of binding effect. See 3 Ruling Case Law, 449.

2. Declarations of an agent as to the business transacted by him are not admissible against his principal, "unless they were a part of the negotiation, and constituting the res gestæ, or else the agent be dead" (Civil Code, § 3606); but declarations made by one shown by some testimony to have been a general agent and manager of a particular business institution, concerning matters relating to that business, are admissible to bind his principal during the continuance of the agency, though made in reference to a particular act or negotiation previously completed, and not constituting a part of the res gestæ thereof.

3. Where a witness duly qualified as an expert general bookkeeper, and as a bank bookkeeper, it was not error to admit his testimony, based upon an inspection and examination of the books of a bank, as to the meaning, interpretation, or construction of an account in evidence appearing on such books then under examination, measured by the rules, methods, and usages generally prevailing among commercial bookkeepers and bank bookkeepers. Such testimony is advisory merely, and is not binding upon a jury, though they can not arbitrarily disregard it; but the weight and value to be attributed to it is for determination by them. *Griffin* v. *State*, ante, 520 (83 S. E. 891, 895).

4. A prima facie case sufficient to authorize a verdict, made out by placing in evidence a negotiable promissory note, reciting a valuable considera-

tion, may be rebutted by testimony tending to support any valid legal defense interposed; but whether or not such testimony, even where uncontradicted, is sufficient to completely overcome the legal presumption created by the introduction of the note is a question of fact for determination by the jury. *Rowland* v. *Harris*, 55 *Ga.* 141; *Purcell* v. *Armour Packing Co.*, 4 *Ga. App.* 253, 259 (61 S. E. 138); *Bing* v. *Bank of Kingston*, 5 *Ga. App.* 578 (4), 580 (63 S. E. 652). The court therefore erred in directing a verdict.

5. This case differs essentially from that of *Citizens Bank of Tifton* v. *Willis*, ante, 772 (84 S. E. 157), in the fact that in that case the verdict was not directed by the court.

*Judgment reversed. Broyles, J., not presiding.*

DECIDED FEBRUARY 13, 1915.

Complaint; from city court of Tifton—Judge R. Eve. May 5, 1914.

*Fulwood & Skeen,* for plaintiff.

*H. S. Murray, R. D. Smith, J. S. Ridgdill,* for defendants.