11547. CRAIG *v.* NATIONAL CITY BANK OF MEMPHIS.

JENKINS, P. J.   1. The defense of non est factum can be successfully pleaded to a suit on a negotiable promise to pay, even as against a bona fide holder for value who took it prior to maturity and without notice of such defense. Civil Code (1910), § 4286. Thus, a valid and completed contract can only be enforced against the maker in the form in which it was expressed, and if such a completed instrument be intentionally, fraudulently, and materially altered by a person claiming a benefit under it, the alteration voids the whole contract at the option of the opposite party. *Atlanta National Bank* v. *Bateman*, 21 *Ga. App.* 624(2)  (94 S. E. 853) ; Civil Code (1910), § 4296.

2. Alterations, even though apparent on the face of an instrument, are ordinarily presumed to have been made prior to its execution (*Thrasher* v. *Anderson*, 45 *Ga.* 538, 544), but where a material alteration appears on the face of an instrument, and a special plea of non est factum, under oath, is entered, admitting the signing of the paper but plainly and distinctly attacking the instrument as having been intentionally and materially altered, after its execution, by a person claiming a benefit under it, and with intent to defraud the defendant, this presumption no longer prevails, and the time when, the person by whom, and the intention with which such apparent change was made become questions of fact to be determined by the jury under the evidence submitted (Civil Code (1910), § 4297) ; and such a plea entered upon oath casts upon the plaintiff the burden to establish by proof the execution of the writing as sued on, or, in the event he cannot do this, to enforce the contract as originally entered upon by showing that such apparent and materal alteration was made unintentionally or by mistake, or without any intent to defraud, or was made by a stranger to the transaction, without collusion with the plaintiff or one in privity with him. *Winkles* v. *Guenther*, 98 *Ga.* 472, 474 (25 S. E. 527) ; *Wheat* v. *Arnold*, 36 *Ga.* 479; *Simons* v. *McDowell*, 125 *Ga.* 203 (53 S. E. 1031) ; *Mozley* v. *Ragan*, 109 *Ga.* 182 (34 S. E. 310) ; *Thompson* v. *Kelsey*, 8 *Ga. App.* 23(4)  (68 S. E. 518) ; *Wilson* v. *Barnard*, 10 *Ga. App.* 98 (72 S. E. 943) ; Civil Code (1910), §§ 4297, 5831. Where the defendant, by such a special plea of non est factum, admits the execution of the instrument, but seeks thereby to set up material alterations which are not apparent on the face of the paper, a different rule as to the burden of proof prevails; and in such a case, despite the filing of such a plea, it is still incumbent on the defendant to establish the fact that the instru-

ment, though apparently unaltered, is in fact materially different from the writing actually signed. *Brown* v. *Colquitt*, 73 *Ga.* 59 (54 Am. Rep. 867); *Gwin* v. *Anderson*, 91 *Ga.* 827 (18 S. E. 43).

3. In a suit on a note where the alteration is both material and plainly apparent on the face of the paper and where the defendant has entered his plea under oath and supported it with testimony distinctly attaching such alteration as having been intentionally and fraudulently made after the execution of the instrument, the mere fact that the defendant may have previously admitted signing the instrument is not at all inconsistent with his plea, and would not relieve the plaintiff, when offering it in evidence, from the burden of first explaining such material alterations as are apparent on the face of the paper. *Gwin* v. *Anderson*, 91 *Ga.* 827 (3), 831 (3) (18 S. E. 43).

4. The burden thus resting upon the plaintiff in this case was not carried in such manner as would authorize the introduction of the note in evidence or the direction of a verdict in the plaintiff's favor.

*Judgment reversed. Stephens and Hill, JJ., concur.*

DECIDED JANUARY 20, 1921.

Complaint; from Gwinnett superior court — Judge Cobb. April 16, 1920.

*Kelley & Kelley,* for plaintiff in error.

*O. A. Nix,* contra.