### 11997.  DAY *v.* BANK OF SPARKS.

Refusal to grant a continuance, on the ground that the movant's counsel had not had opportunity to prepare for trial, was not an abuse of discretion, under the facts shown by the record.

The charge of the court as to the limit of damages if it should be found that the affidavit of illegality was interposed for delay only was not error for the reason assigned.

Failure to define "preponderance of evidence," in the charge of the court was not error.

The charge was not erroneous as failing to state clearly the issues in the case.

DECIDED APRIL 14, 1921.

Affidavit of illegality; from city court of Nashville — Judge Henson presiding. November 24, 1920.

The only questions submitted to the juiy by the charge of the court were as to whether the affidavit of illegality was filed for the purpose of delay, and if so, the amount of damages. The verdict was " in favor of the fi. fa. and against the illegality," as directed by the court, and for $50 damages. The amount of the execution was $529.14 when the affidavit of illegality was filed. In the motion for a new trial it is alleged that in using the words " 25 per cent." instead of 10 per cent., the court erred in charging the jury that if they should find, from the evidence, that the affidavit of illegality was filed for delay only, they should find such damages against the defendant as might seem to them reasonable and just, " not to exceed 25 per cent. of the principal debt."

Failure to define " preponderance of evidence," although there was no request to define it, is one of the grounds of exception to the charge of the court. The court charged: " The burden is upon the plaintiff in this case to show, by a preponderance of the evidence, that the affidavit of illegality was filed for the purpose of delay only, before you would be authorized to find for the plaintiff any amount as damages." It is alleged that the court should have given a definition which is set out in the motion for a new trial, substantially in the terms of the code (§ 5731).

The charge as a whole is complained of on the ground that " the issues made in the case are not clean-cut and clearly drawn and defined by the court in the charge." Preceding the instructions set out above, the charge stated the nature of the case and that the defendant " filed her affidavit of illegality, setting up that she had never had her day in court, was never served with a copy of the suit upon which the execution issued, and that therefore the execution was proceeding against her illegally." Then followed an instruction, not excepted to, that " as to the illegality there is no issue to be passed upon by you, and I direct you to find in favor of the execution and against the illegality."

*Story & Story*, for plaintiff in error. *R. A. Hendricks*, contra.

HILL, J. This is the second time this case has been before this

court. The case was decided by this court on December 16, 1919. See 24 *Ga. App.* 628 (101 S. E. 715). The judge of the city court of Nashville at the next term of that court and at each succeeding term was disqualified. On August 13, 1920, at the August term of that court, when a qualified judge, to wit, the judge of the city court of Douglas, was presiding over the city court of Nashville, the case came on for trial and a motion for a continuance was made by counsel for the defendant, on the ground that he had not had opportunity to prepare for trial. We do not think that there was any abuse of the discretion in refusing the continuance, especially in view of the fact that the case was within the jurisdiction of the city court of Nashville from the time its clerk received the remittitur from this court. *Knox* v. *State,* 113 *Ga.* 929 (39 S. E. 330).

2. The charge of the court was not erroneous for any of the reasons assigned. The evidence warranted the verdict. .

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*