*J. T. Sisk,* contra.

---

### 14615.   JONES *et al.* v. BANK OF POWDER SPRINGS.

JENKINS, P. J. The bank sued on a note for $330. The defendants by their sworn plea denied in general terms the execution of the instrument sued on, and set up that the only note which they had signed and delivered to plaintiff was one in the sum of $33, on which they received that amount. The note sued on (which was admitted in evidence without objection), by both its figures and writing, called for $330. There is nothing in the record to indicate that it showed any evidence of having been altered. The officials of the bank both testified that it was taken for $330 and represented a loan in that sum actually paid to the defendants less the interest. Both of the defendants testified that the note sued on was signed by them. Each testified that when he signed the note he noticed only the amount stated by the figures, and that this indicated $33. One of the defendants testified that the smaller amount was what he actually received on the loan. The jury found for the plaintiff in the amount sued for. Defendants except to the following charge of the court: "The court instructs you: when the plaintiff introduced in evidence the note sued upon, that made a prima facie case in favor of the plaintiff for the amount stipulated in the note, and that if the case had stopped at that point without other evidence, the plaintiff would be entitled to a verdict for the amount of the note, principal, interest, and attorney's fees specified in the note; and the effect of the introduction of the note is also to put the burden on the defendants here to show by a preponderance of the evidence,— that is, the greater weight of the evidence,—they did not receive the amount stipulated in this note, but only received the amount of $30, which they contend was the amount of this transaction." It is complained also that the court failed to explain what was meant by "preponderance of evidence." *Held:*

1. "Where a payee of a note sues the maker, and the defendant in his plea admits the execution of the note and that the plaintiff is the legal holder, and sets up a defense to the same, the burden is upon the defendant to establish his defense." *Higdon* v. *Williamson,* 140 *Ga.* 187 (2) (78 S. E. 767); *Citizens Bank of Tifton* v. *Timmons,* 15 *Ga. App.* 815 (4) (84 S. E. 232). Where, however, the execution of the note is not admitted, but on the contrary is denied on oath by a plea of non

est factum, the burden remains upon the plaintiff to prove by a preponderance of the evidence the execution of the instrument as sued on, although in such a case only slight evidence of its execution is sufficient to justify its admission in evidence. *Bank of Norwood* v. *Chapman*, 19 *Ga. App.* 109 (6) (92 S. E. 225).

2. In the instant case, since there is a sworn plea of non est factum, denying generally the execution of the note sued on, and setting up that the only note which the defendants signed and gave to the plaintiff was one executed in a much less stated amount, it follows that its introduction in evidence did not relieve the plaintiff of showing, by a preponderance of the evidence, that the note sued on was signed by the defendants as charged in the petition. However, since each of the defendants admitted on the stand that the particular note sued on was in fact signed by them, this was equivalent to an abandonment of their plea of non est factum. In order for the defendants to have attacked the terms and the provisions of the written instrument sued on, they would have had to enter a plea of non est factum (which they did, but which was abandoned) ; or else have either pleaded that subsequent to its execution the instrument was intentionally, fraudulently, and materially altered, by a person claiming an interest thereunder, and how altered (see Civil Code of 1910, §§ 4295, 4297; *Gwin* v. *Anderson*, 91 *Ga.* 827, 828, 18 S. E. 43; *Mozley* v. *Reagan*, 109 *Ga.* 182, 183, 34 S. E. 310; *Jewell* v. *Walker*, 109 *Ga.* 241, 245, 34 S. E. 337), or that the note had been fraudulently procured. Neither of these latter defenses was entered. If a plea setting up such an alteration had been filed on oath, and the material alteration thus complained of was in fact apparent upon the face of the instrument, there would have been no presumption as to when it was put there, but the plaintiff would have been put upon proof (*Winkles* v. *Guenther*, 98 *Ga.* 472, 474, 25 S. E. 527; *Colt Co.* v. *Butler*, 29 *Ga. App.* 396, 115 S. E. 503) ; but where, as here, in the absence of any such plea of alteration, and in the absence of anything contained in the record going to indicate the presence of any such apparently material alteration, a prima facie case was made for the plaintiff when the note was admitted in evidence, the charge complained of was not error. See also, in this connection, *Bryant* v. *Ga. Fertilizer Co.*, 13 *Ga. App.* 448, 449 (79 S. E. 236).

4. In the absence of a proper and timely written request so to do, it is not error to fail to explain to the jury what is meant by the preponderance of the evidence. *Mallary* v. *Moon*, 130 *Ga.* 591 (2), 595 (61 S. E. 401) ; *Seaboard Air-Line Ry.* v. *Randolph*, 136 *Ga.* 505 (4) (71 S. E. 887) ; *Terry Shipbuilding Corp.* v. *Gregory*, 26 *Ga. App.* 450 (6) (106 S. E. 803) ; *Day* v. *Bank of Sparks*, 26 *Ga. App.* 718 (107 S. E. 272).          *Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED NOVEMBER 27, 1923.

Complaint; from Cobb superior court—Judge Blair. April 28, 1923.

*Herbert Clay,* for plaintiffs in error.

*Morris & Hawkins,* contra.