DANIEL, administratrix, *vs.* BURTS, administratrix.

1. In an action brought by a client to recover from his deceased attorney's estate money had and received by such attorney for his benfit, a defendant in the execution which the attorney had held for collection would not have been competent at common law to testify that he paid the money to the deceased attorney.
2. For the client to release such witness from further liability on the *fi. fa.* would not render him competent; the lien of the attorney for fees would still remain.
3. The witness was not rendered competent by the evidence act of 1866 (Code, section 3854); the other party was dead, and the witness was not competent.

October 9, 1883.

Witness. Evidence. Before Judge WILLIS. Muscogee Superior Court. May Term, 1883.

Mrs. Daniel, administratrix of J. M. Daniel, deceased, sued Mrs. Burts, administratrix of D. M. Burts, deceased, to recover money had and received by Burts, deceased, as an attorney at law, for the use of Daniel, deceased. Plaintiff showed that Burts had acted as attorney for Daniel in a suit on a note against a Mrs. Walker and her children, one of whom was named Woolfolk Walker, and that a verdict and judgment had been recovered against these defendants. Plaintiff then offered to prove by Woolfolk Walker that he had paid the amount of the execution to Burts. On objection, this was rejected. Plaintiff then offered to release Walker from any further liability for principal and interest. The court held that the witness

would still be incompetent, and, on motion, granted a non-suit.    Plaintiff excepted.

B. F. HARRELL, by J. M. McNEILL, for plaintiff in error.

PEABODY & BRANNON, for defendant.

BLANDFORD, Justice.

On the trial of this case, one Woolfolk Walker was offered as a witness by plaintiff in error to prove that he, the witness, had paid a certain amount of money, due on a judgment and execution in favor of plaintiff's intestate against himself, to D. H. Burts, defendant's intestate, in his lifetime, he being the attorney at law for said intestate of the plaintiff.    He was objected to, upon the ground that Burts was dead.    The court sustained the objection, and thereupon plaintiff offered to discharge and release Walker from all liability to her on the judgment.    The court held that this would not make the witness competent.    To this ruling the plaintiff excepted, and error is assigned thereon. It is clear that Walker, the witness offered, was incompetent to testify in this case at the common law, because he, being liable on the judgment, was interested in placing the liability on Burts, the attorney, thus relieving himself, and the release offered him did not discharge his liability on the judgment to Burts, the attorney, represented by his administratrix, who held a lien on the judgment for the fees of her intestate.    So if he was a competent witness at all, it must be under the new evidence act of 1866, pp. 138, 139, Code, §3854, which provides, " No person offered as a witness shall be excluded by reason of incapacity for crime or interest, or from being a party, from giving evidence,  *   *   *   *   but every person so offered shall be competent and compellable to give evidence,   *   *   *   * except as follows :

"Where one of the original parties to the contract or cause of action in issue or on trial is dead, or is shown to

be insane, or where an executor or administrator is a party in any suit on a contract of his testator or intestate, the other party shall not be admitted to testify in his own favor."

It is shown that Burts, the attorney, to whom it is sug-gested that Walker paid this money, is dead. The cause of action is the receiving the money by Burts from Walker, whereby he became liable to the plaintiff for so much money had and received for her use, Walker still being interested. While he might have been admitted as a witness under this act, yet he falls within the exception to the act whereby he is still rendered incompetent, as the other party to the cause of action is dead. So as to his compe-tency he remains, notwithstanding this act, where he stood before its passage, and as we have seen, he is incompetent as a witness at the common law, and as the law stood be-fore the act; and not being restored by the act by reason of the exception thereto already stated, it follows that the judgment of the court below refusing to allow the witness to testify, under the facts of this case, was right, and the judgment is affirmed.