5493.   STATON *v.* EXCHANGE BANK OF ROME.

RUSSELL, C. J.   1. When the superior court refuses to dismiss an appeal, the case, of course, remains in court; and though, on writ of error, the judgment refusing to dismiss the appeal be reversed, the case remains in the superior court until the remittitur has been made the judgment of that court. Consequently, before the judgment upon the remittitur is made the judgment of the superior court, an amendment, to cure any defect in the pleadings or proceedings, may be offered in that court; and the court, in allowing the filing of additional proceedings, may hear such preliminary proof as is requisite for that purpose. In the present case there was no error in allowing aliunde proof of the fact that the appeal was in fact filed within four days. *Staton* v. *Exchange Bank*, 14 *Ga. App.* 7 (80 S. E. 23).

2. On the trial of the issue made by a counter-affidavit to the foreclosure of a mortgage contained in a promissory note, payable to a bank, an indorser upon the note, who in the event of failure to collect the debt by foreclosure of the mortgage would remain liable on the note, was disqualified from testifying to any transactions or communications which were had with the deceased president of the bank with reference to the payment of the note.         *Judgment affirmed. Roan, J., absent.*

DECIDED SEPTEMBER 11, 1914.

Appeal; from Floyd superior court—Judge Wright. January 13, 1914.

On the ground that it did not affirmatively appear that the appeal was entered within four days from the rendition of the judg-

ment, the defendant moved in the superior court that the plaintiff's appeal to that court from the judgment of a justice's court be dismissed. A judgment overruling this motion was reversed by the Court of Appeals (14 *Ga. App.* 7, 80 S. E. 23), and, on the subsequent call of the case for trial in the superior court, when the defendant moved that the remittitur from the Court of Appeals be made the judgment of the superior court, the appellant offered a written motion in which it is stated that the plaintiff "amends the appeal in said case, and for grounds of amendment says that the appeal in said case was filed with the justice of the peace after trial of said case, within four days from rendition of the judgment by said justice of the peace, and that plaintiff will prove the filing of said appeal within the time allowed by law, by evidence aliunde." The court allowed the amendment, over the following objections of the defendant: (1) The superior court has no jurisdiction to entertain a motion to amend before the remittitur has been entered. (2) If the judgment of the Court of Appeals be made the judgment of the superior court, the appeal would automatically stand dismissed, and there would be nothing to amend. (3) The Court of Appeals did not grant permission to amend the proceedings before its judgment is made the judgment of the superior court, and without such permission the superior court is without authority to allow the amendment. (4) The proposed amendment is not an amendment to the pleadings, but "an effort to offer proof to sustain a position that is stare decisis." The court then entered on the remittitur an order reciting that the judgment of the Court of Appeals "is made the judgment of this court, except that, plaintiff having amended, the appeal is not dismissed." To this the defendant objected on the ground that the judgment of the Court of Appeals should be made the judgment of the superior court "without any limitation," and that the appeal should be dismissed. This objection was overruled; and, over the objection that the docket of the justice's court was the best evidence as to when the appeal was filed, the justice of the peace from whose judgment the appeal was entered was allowed to testify in behalf of the appellant that the appeal was filed April 16, 1912. The witness first testified that this date was shown by his docket, which he had left at home, and that he testified from the docket and from a memorandum taken from it, and that without the aid of the docket he could not give the

date; but on further examination he stated that after having examined his docket and refreshed his recollection, he testified positively, from recollection, independently of the docket, that the appeal was filed April 16, 1912. April 13, 1912, was the date of the judgment from which the appeal was taken. A motion of the defendant to dismiss the appeal was overruled, and the court, after hearing evidence, and after excluding the only evidence offered by the defendant, directed a verdict for the plaintiff. The nature of the original proceeding and of the evidence excluded sufficiently appears from the foregoing decision of the Court of Appeals, paragraph 2. Exceptions were taken to the directing of the verdict and to the antecedent rulings stated.

*Harris & Harris,* for plaintiff in error, cited: *Staton* v. *Exchange Bank,* 14 *Ga. App.* 7; *Central R. Co.* v. *Paterson,* 87 *Ga.* 646; Civil Code of 1910, § 5858 (3); *Hidell* v. *Dwinell,* 89 *Ga.* 532 (2).

*Lipscomb & Willingham, Nathan Harris,* contra, cited: As to the amendment: *Sullivan* v. *Rome R. Co.,* 28 *Ga.* 29; *King* v. *King,* 45 *Ga.* 195; *Thurmond* v. *Clark,* 47 *Ga.* 500; *Savannah &c. Ry. Co.* v. *Chaney,* 102 *Ga.* 814; *Charleston &c. Ry. Co.* v. *Miller,* 115 *Ga.* 9; *City of Rome* v. *Sudduth,* 121 *Ga.* 420; *Rome Furnace Co.* v. *Patterson,* 122 *Ga.* 776; *Rice* v. *Ware,* 3 *Ga. App.* 573; *Central R. Co.* v. *Paterson,* supra; *Wynne* v. *Alford,* 29 *Ga.* 694. As to the excluded testimony: Civil Code, 5858 (3); Acts 1900, p. 57; *Daniel* v. *Burts,* 72 *Ga.* 143; *Parish* v. *Weed Co.,* 79 *Ga.* 682; *Crawford* v. *Parker,* 96 *Ga.* 156 (1); *Clements* v. *Western Lodge,* 101 *Ga.* 63; *Johnston* v. *Coney,* 120 *Ga.* 767 (2); *Skeen* v. *Moore,* 120 *Ga.* 1057; *Williams* v. *Empire Ins. Co.,* 8 *Ga. App.* 310; *Horton* v. *Smith,* 115 *Ga.* 66; *Parker* v. *Ballard,* 123 *Ga.* 441; *Turner* v. *Woodward,* 136 *Ga.* 277; *Wilkes* v. *Groover,* 138 *Ga.* 408; *Wilder* v. *Wilder,* 138 *Ga.* 574.