6316.  CENTRAL OF GEORGIA RAILWAY CO. *v.* BESSINGER *et al.*

WADE, J. 1. Since the suit to recover damages for the homicide of the plaintiff's son was not brought by the personal representative of the deceased, and the petition fails to allege that no administrator or executor for the deceased had been appointed at the time it was filed, it is obvious that the suit was brought under the provisions of section 4424 of the Civil Code, and not under section 2782. The demurrer raising the point that the petition failed to show any right on the part of the plaintiff to sue, because not conforming to section 2782, was therefore properly overruled.

2. Where a train loaded with logs was moved over a private track from the woods to a point on the main line of a railroad company, and, by agreement between the lumber company which owned the private track and owned and operated the train, on the one part, and the railroad company, on the other, the train was permitted to use the track of the railroad company for a distance of about five miles to the mill of the lumber company, and an employee of the lumber company, actually engaged at the time in the operation of the train, was injured while the train was moving over the track of the railroad company, the latter company, being under no legal obligation to him except to furnish him a track upon which the train might be safely run, would not be liable for his death, unless he was killed by reason of a defect in its track. *Killian* v. *Augusta & Knoxville R. Co.,* 79 *Ga.* 234 (2), 245

(4 S. E. 165, 11 Am. St. R. 410). "Where a railroad company, without legislative authority, permits another corporation to exercise the franchise of running cars drawn by steam over its track, the company owning the road is liable for an injury *due to the defective construction of the track* [italics ours], as though such company itself were operating the cars." *Gregory* v. *Georgia Granite R. Co.*, 132 *Ga.* 587 (2), 590 (64 S. E. 686).

(a) The rule as to liability of the railroad company for injury to an employee of the lumber company temporarily occupying with its own cars and engine the track of the railroad company, by permission of the latter, is quite different from that as to the liability of the railroad company to passengers or to the public generally. *Killian* v. *Augusta & Knoxville R. Co.*, supra (1a). The rule is also different if the employee so injured had himself no connection with the operation of the train, but was merely being transported by his employer to or from his work, since in that case he would sustain to the railroad company the relation of a passenger to the extent that the railroad company and its licensee would be bound to exercise extraordinary diligence to keep from injuring him. *Gregory* v. *Georgia Granite R. Co.*, supra (3).

3. The fact that the capacity of the conductor in charge of the train of the lumber company to control and operate such a train upon the track of the railroad company had been investigated and approved by the railroad company, and he had been pronounced acceptable to the railroad company, would not constitute him an employee of the railroad company, where it definitely appears that he contracted with and was paid by the lumber company, and that the lumber company had complete and exclusive authority over his movements, and the sole right to discharge him from such service.

(a) Where the operation of such a train was exclusively in the control of the conductor, the railroad company would not, merely on account of its approval of him as in its opinion competent, be liable for injuries to the employees of the lumber company, engaged in the operation of its own train, resulting from the careless, negligent, or reckless running of the train, unless brought about by defects in its track.

(b) The fact that such a train was listed on the schedule of the railroad company would not make it a train of that company, or change the legal status of the employees of the lumber company operating the train, or render the railroad company liable to them as if they were its own employees.

4. While there was evidence tending to show that some decayed cross-ties were in the track of the railroad company at and near the point where the deceased was killed by the falling of a log insufficiently secured upon the top of one of the cars composing the logging-train, which train was at the time running at a high rate of speed, the evidence entirely fails to show that his death resulted from any defect in the track, or that any such defect contributed thereto. It affirmatively appears that the track was in a safe condition and had been safely used by trains equally heavy just before and just after the homicide, and it nowhere appears, from the testimony, that there was any jolt or

jar of the train upon which the deceased was riding, caused by a defect in the track, whereby the log which caused his death was dislodged and thrown therefrom. A recovery against the railroad company was consequently unauthorized, and the trial judge erred in overruling the motion for a new trial. *Judgment reversed. Russell, C. J., dissents.*

DECIDED FEBRUARY 10, 1916.

Action for damages; from city court of Blakely—Judge Sheffield. January 18, 1915.

*Pottle & Hofmayer,* for plaintiff in error.

*Westmoreland, Hill & Smith, E. B. Askew, B. W. Fortson, R. C. Holman,* contra.