### 21959. SAINT CLAIR *v.* STATE HIGHWAY BOARD.

HOOPER, J. 1. The condemnor, under provisions of an act approved December 18, 1894 (Ga. L. 1894, p. 95 et seq; Civil Code, § 5207), must show that a proper effort has been made, prior to institution of the proceedings, to procure the land from the owner by contract. *Bridwell* v. *Gate City Terminal Co.,* 127 *Ga.* 520 (8) (56 S. E. 624, 10 L. R. A. (N. S.) 909). Such prior negotiations are not necessary, however, in a proceeding brought under provisions of the act approved August 14, 1914 (Ga. L. 1914, p. 92; Michie's Code, § 5246 et seq.), which is an action in rem, available under circumstances (among others) where "there are or may be persons unknown or nonresident who have or may have some claim or demand against the land." No provision relating to prior negotiations is contained in the said act of 1914. See 20 C. J. 892, § 317.

2. In view of the foregoing ruling, the court did not err in refusing to dismiss the proceedings for failure of the plaintiff to show "that a bona fide effort had been made to procure the land by contract prior to the

institution of the action," nor did the court err in failing to submit such issue to the jury in his charge.

3. The provisions of the act of 1919 (Michie's Code, § 828 (33)) do not, as contended by plaintiff in error, render it necessary, in condemnation proceedings by the State Highway Department under the act of 1914 (Michie's Code, § 5246 et seq.), for the plaintiff to allege or prove that "the county fails to furnish such right of way." The court therefore properly overruled the ground of the motion to dismiss these proceedings, predicated upon the failure of the record to disclose "that the county of Haralson had either failed or refused to institute proceedings to condemn said land."

4. Where land is condemned for the purpose of changing the location of a highway, the "consequential benefits to be derived by the owner" under the Civil Code, § 5225, do not include the benefit which might be derived from the reversion to the owner of the title to the old road if and when abandoned. The court therefore did not err in refusing to allow the witness John Hart, sworn for the condemnee, to testify as to the acreage and value of such old route. Moreover, the testimony in this case does not show that the old road would in fact be abandoned, and the injection into this case of the value of the same would have tended unduly to charge consequential benefits against the condemnee, and would have been harmful rather than helpful to her cause.

5. There is no merit in any of the remaining grounds of the motion for a new trial, and the court did not err in overruling the same.

*Judgment affirmed. Luke, J., concurs. Broyles, C. J., dissents.*

DECIDED JULY 12, 1932. REHEARING DENIED AUGUST 31, 1932.

*Elijah A. Brown Jr., H. J. McBride,* for plaintiff in error.
*D. B. Howe, Walter Matthews,* contra.

ON MOTION FOR REHEARING.

HOOPER, J. The plaintiff, in response to defendant's demurrer, voluntarily and without any order of court requiring it so to do, amended its petition so as to allege prior negotiations. This amendment by the plaintiff did not make the necessity of proving prior negotiations "the law of the case" (as contended in her motion for a rehearing). The allegations as to prior negotiations, contained in the amendment, were, under the ruling stated in headnote 1, mere surplusage, and, in the language of the late Chief Justice Simmons of our Supreme Court, "we are not aware of any decision of this court or any other court that holds that a plaintiff is to be nonsuited or dismissed because he fails to prove every allegation in his declaration or petition. If he makes out a case that will entitle him to recover, that is sufficient." *Garrett* v. *Morris,* 104 *Ga.* 84, 86 (30 S. E. 685).

*Rehearing denied. Luke, J., concurs. Broyles, C. J., dissents.*