28556, 28560. WINN *v.* HINSON, executrix; and *vice versa.*

DECIDED OCTOBER 16, 1940. ON REHEARING, DECEMBER 17, 1940.

*Heath & Heath, Alvin V. Sellers,* for plaintiff.

*J. B. Moore, Newt Gaskins, John Rogers, E. R. Smith,* for defendant.

FELTON, J. (After stating the foregoing facts.) ■ The court did not err in sustaining ground 5 of the amended motion and in

50

granting a new trial because of the error therein complained of. W. L. Stone testified for the plaintiff that the note sued on had not been altered since it had been in his possession. Ground 5 complained of the refusal of the court to rule out the testimony on the ground that Stone, being an indorser and liable on the note, was an interested party, and that his testimony related to transactions and communications with a deceased person whose executrix was the opposite party. Stone was such a person as contemplated by the Code, § 38-1603 (4). *Staton* v. *Exchange Bank of Rome,* 15 *Ga. App.* 137 (2) (82 S. E. 784). The testimony of Stone necessarily involved a transaction with the deceased, and was necessarily based on such a transaction. In effect the testimony was that the note had been signed and delivered by the deceased in its present form. *Webb* v. *Simmons,* 3 *Ga. App.* 639 (60 S. E. 334) ; *Dowdy* v. *Watson,* 115 *Ga.* 42 (7) (41 S. E. 266) ; *Garrick* v. *Tidwell,* 151 *Ga.* 294 (106 S. E. 551), and cit.

■ The court did not err in sustaining ground 7. The negotiable instruments law changed the general law on the subject of alteration of instruments so far as negotiable instruments are concerned. *Cook* v. *Parks,* 46 *Ga. App.* 749, 752 (169 S. E. 208) ; Code, § 14-907. Under the negotiable instruments law a material alteration voids the instrument, and it is unnecessary for the party pleading the material alteration to prove an intention to defraud. Code, § 14-906. The defendant's allegation as to the fraudulent intent was surplusage. If the defendant sustains his defense by proof he is not to be denied his rights because he has alleged too much. *Saint Clair* v. *State Highway Board,* 45 *Ga. App.* 488 (165 S. E. 297) ; *Garrett* v. *Morris,* 104 *Ga.* 84 (30 S. E. 685) ; *Fountain* v. *L. & N. R. Co.,* 61 *Ga. App.* 180 (6 S. E. 2d, 105).

■ The question whether the court erred in sustaining ground 8, relating to the alleged misconduct of a juror, will not be passed on as the question will not likely arise on another trial. Whether the court, in giving in charge to the jury Code, § 38-107, erred in omitting to include "the nature of the facts to which they testified" will not be decided, as the omission was probably due to inadvertence and will not likely occur on another trial of the case. As the alleged error in the charge of the court in defining the preponderance of evidence will not likely recur on another trial the question raised as to this will not be passed on.

■ The evidence showed without dispute that the note sued on had been materially altered, and it was error for the court to submit the question to the jury. The court should have granted a new trial on this ground.

■ The court erred in admitting in evidence, over timely objection, the note sued on, which showed on its face that it had been materially altered, in the absence of any evidence showing that the alterations were made before the note was executed or were made on authority of the maker, the defendant having filed a plea to the effect that the note was not signed by the maker in the form in which it appeared when sued. Code, § 20-801; *Wheat* v. *Arnold,* 36 *Ga.* 479; *Winkles* v. *Guenther,* 98 *Ga.* 472 (25 S. E. 527); *Jones* v. *Bank of Powder Springs,* 31 *Ga. App.* 263 (120 S. E. 422). A new trial should have been granted on this ground.

■ Whether the court erred in refusing to grant a new trial on certain special grounds may be raised by a cross-bill of exceptions. *Allen* v. *Schweigert,* 113 *Ga.* 70 (38 S. E. 397); *Singleton* v. *Southwestern Railroad,* 70 *Ga.* 464 (48 Am. R. 574); *Wingfield* v. *Rhea,* 77 *Ga.* 84.

■ The legally admitted evidence did not demand a verdict for the plaintiff, and the court did not err in granting a first new trial.

*Judgment affirmed on the main bill of exceptions, and reversed on the cross-bill. Stephens, P. J., and Sutton, J., concur.*