34625.  SOUTHERN RAILWAY COMPANY *et al. v.* ALLEN.
34626.  SOUTHERN RAILWAY COMPANY *v.* ALLEN *et al.*
34627.  SMITH *v.* ALLEN *et al.*

DECIDED JUNE 18, 1953.

*Bloch, Hall, Groover & Hawkins, Grady Gillon,* for plaintiffs in error.

*Martin, Snow & Grant,* contra. (Cases nos. 34625, 34626, 34627.)

*Bloch, Hall, Groover & Hawkins,* contra. (Cases nos. 34626, 34627.)

FELTON, J. ■ The City Court of Macon had jurisdiction of L. A. Smith, though he is a resident of Fulton County, Georgia, and the court did not err in sustaining the plaintiff's demurrer to this part of Smith's plea to the jurisdiction. *Southern Ry. Co.* v. *Grizzle,* 124 *Ga.* 735 (3) (53 S. E. 244).

442

■ The defendants' demurrers, Southern Railway Company's plea in bar, and L. A. Smith's plea to the jurisdiction, except as to the question decided in division one, above, raise the same question and will be considered together. The defendants strongly urge that the sole right of action for Mr. Allen's death is under the Federal Employers' Liability Act and against Macon, Dublin & Savannah Railroad Company. They base their argument, among other things, on the act, U.S.C.A., Title 45, § 51 et seq., and certain sections of the Interstate Commerce Act, U.S.C.A., Title 49, §§ 1 (10), 1 (11), 1 (13), and 1 (14). Under the latter statute, it is the duty of every carrier by railroad engaged in interstate commerce to furnish safe and adequate car service and to establish, observe, and enforce just and reasonable rules, regulations, and practices with respect to car service, and the term "car service" includes the exchange and interchange of cars used in the transportation of property. The Interstate Commerce Commission is authorized to require all carriers by railroad engaged in interstate commerce to prescribe rules and regulations with respect to car service. Pursuant to the statute, car-service rule number seven of the Association of American Railroads has been established by the carriers, including Macon, Dublin & Savannah Railroad Company and Southern Railway Company. The rule provides: "Cars shall be considered as having been delivered to a connecting railroad when placed upon the track agreed upon and designated as the interchange track for such deliveries, accompanied or preceded by proper data for forwarding and to insure delivery, and accepted by the car inspector of the receiving yard." The defendants contend that the laws above referred to make the employees of the Southern the agents of the M. D. & S. while a transfer compelled by the act and rules promulgated under it is in progress, and make the designated track the track of M. D. & S. We cannot agree with this contention. While the track designated by the Southern for the use of M. D. & S. might have been considered the latter's track so as to make M. D. & S. liable for not furnishing Mr. Allen a safe place to work, we do not see how L. A. Smith could be considered an agent or servant of M. D. & S. He was not paid by M. D. & S.; he was not under its control, and was not performing any service

in connection with providing M. D. & S. with a track on which to place its cars; and even if he had been so engaged, he would have been doing his work as an agent and servant of the Southern and not M. D. & S. The fact that Federal laws and interstate commerce were involved does not have the automatic effect in the circumstances of this case of making L. A. Smith an agent or servant of M. D. & S. Before the Federal Employer's Liability Act can come into play, there must exist the relation of employer and employee between the one who was injured and the railroad allegedly causing the injuries. On the question as to whether L. A. Smith was an employee of M. D. & S., see Hull *v.* Philadelphia & R.Ry. Co., 252 U. S. 475 (40 Sup. Ct. 358, 64 L. ed. 670) ; Robertson *v.* Yazoo & M. V. R. Co., 159 Fed. 2d 31; *Central of Ga. Ry. Co.* v. *Bessinger,* 17 *Ga. App.* 617 (87 S. E. 920). The mere fact, we repeat, that interstate commerce is involved does not broaden the field of the F.E.L. Act beyond the liability of an employing railroad for injury to or death of an employee due either to the railroad's negligence or to defects in track or equipment. That disposes of the defendants' first contention. The other contention is that, if both railroads were guilty of negligence which actively combined to cause the death, the plaintiff has no cause of action against anyone but the employer of the deceased employee. We do not so understand the law. If any law was ever written and more liberally interpreted as designed to benefit an employee, we have not had occasion to see it. Our own Supreme Court has held that the F.E.L. Act does not preclude action against a fellow employee. *Lee* v. *Central of Ga. Ry. Co.,* 147 *Ga.* 428 (94 S. E. 558), which was affirmed in Lee *v.* Central of Ga. Ry. Co., 252 U. S. 109 (40 Sup. Ct. 254, 64 L. ed. 482). The mere fact that a third party whose negligence contributed to an injury is engaged in interstate commerce does not alter the principle stated in the two above cases. Cott *v.* Erie R. Co., 231 N. Y. 67 (131 N. E. 737) ; Schosboek *v.* Chicago &c. R. Co., 191 Wash. 425 (71 Pac. 2d 548). The fact that, where the relationship of employee and employer exists, and the defendant railroad is liable for injuries to the employee, no right of recovery exists in the parent (N. Y. Cent. & Hudson River R. Co. *v.* Tonsellito, 244 U. S. 360, 37 Sup. Ct. 620, 61 L. ed. 1194), affords no basis for broadening the perimeter of the F.E.L. Act to preclude actions

444

by employees against non-employers merely because such non-employers are engaged in interstate commerce. The F.E.L. Act is paramount and exclusive in its own field, but its field does not cover the right of an employee of one interstate carrier to recover from another interstate carrier for the latter's negligence contributing proximately to the employee's injury. It follows that, whether the alleged negligence of the Southern was the sole cause of the injuries or one of the contributing proximate causes, an action would lie against the Southern in the plaintiff's favor under the Georgia death statute. The Federal Employers' Liability Act covers one field and one only, and outside of the exclusive and circumscribed field the employee is not precluded from his other remedies. The field covered by this act is the right of an employee or his personal representative to recover for the employee's injury or death by reason of the negligence or other act of the employing railroad which caused the injury or death in whole or in part. The act does not contemplate the field in which the negligence of the employer or other coemployees of the plaintiff or plaintiff's intestate combines with the negligence of one not an employer or fellow employee of the injured or deceased employee. The words in the act, "for such injury or death resulting *in whole or in part from the negligence,*" etc., are used in reference to the negligence of the employer and employee. In other words, the act gives a right of recovery where the injury or death is caused solely by the employer's negligence or act or *partly by the employer's negligence (through its employees or agents) and partly by the injured or deceased employee's negligence or partly by a cause outside human agency.* If an injury is occasioned in either of the above ways, a right of action lies exclusively under the Federal act. We think the statement by Mr. Justice Van Devanter, speaking for the court on another question, in Second Employers' Liability Cases, 223 U. S. 1 (32 Sup. Ct. 169, 56 L. ed. 327) shows without question that this conclusion is correct. At page 49 he said: "Briefly stated, the departures from the common law made by the portions of the act against which the first objection is leveled are these: (a) The rule that the negligence of one employee resulting in injury to another was not to be attributed to their common employer, is displaced by a rule imposing upon the employer responsibility for

such an injury, as was done at common law when the injured person was not an employee; (b) the rule exonerating an employer from liability for injury sustained by an employee through the concurring negligence of the employer and the employee is abrogated in all instances where the employer's violation of a statute enacted for the safety of his employees contributes to the injury, and in other instances is displaced by the rule of comparative negligence, whereby the exoneration is only from a proportional part of the damages corresponding to the amount of negligence attributable to the employee; (c) the rule that an employee was deemed to assume the risk of injury, even if due to the employer's negligence, where the employee voluntarily entered or remained in the service with an actual or presumed knowledge of the conditions out of which the risk arose, is abrogated in all instances where the employer's violation of a statute enacted for the safety of his employees contributed to the injury; and (d) the rule denying a right of action for the death of one person caused by the wrongful act or neglect of another is displaced by a rule vesting such a right of action in the personal representatives of the deceased for the benefit of designated relatives."

The lack of Federal law on the subject and the evils sought to be remedied as between employer and employee so overwhelm any other subject or consideration as to exclude any intention of covering any other territory than rights between employer and employee exclusively. There is an additional practical reason why this conclusion would seem to be sound. Take the facts in this case for example. The employee's representative was faced with the question whom to sue. If the negligence of both railroads contributed to the death, must she sue the M. D. & S. alone under the act? Is the Southern to be excused from its part in the tragedy in such an event, if it had any part in it? If it is doubtful which railroad is liable or whether both are, must the plaintiff bring two actions before she can determine the liability of the two railroads? In this case Southern Railway Company was the only railroad sued, presumably for the reason that the plaintiff thought her case was strongest against the Southern and thought that, if both railroads were negligent, she would be required to pursue the M. D. & S. alone if she proceeded under the F.E.L. Act. Under our view, the plaintiff could have

brought her action under the Georgia statute against the M. D. & S., the Southern, and L. A. Smith. Under our decisions, if we are correct in this view, she could sue any one or more defendants at her election. This view also eliminates another monstrous possibility, and that is a double recovery, one from the Southern under the Georgia act, and one from M. D. & S. under the Federal act. The court did not err in overruling the demurrers to the petition and in sustaining the plaintiff's demurrers to the Southern's plea in bar and L. A. Smith's plea to the jurisdiction as to the points covered in this division.

■ Ground 4 of the defendants' motion for new trial complains of the court's refusal to qualify the jury by purging the panel of any and all persons who were employees of, stockholders in, or related to stockholders in Macon, Dublin & Savannah Railroad Company, it being stated in said ground that the following was made to appear to the court and thereafter to the trial jurors: (a) that the plaintiff's deceased husband was an employee of M. D. & S. at the time of his death; (b) that the death of the plaintiff's decedent resulted from a collision between a Southern engine and a transfer of the M. D. & S.; (c) that the primary issue in the trial of the case was whether the deceased's death was proximately caused by the negligence of the defendant Southern Railway Company and its employees, including the defendant L. A. Smith, or by the negligence of the M. D. & S. and its employees, including the plaintiff's deceased husband; (d) that the defendant Southern Railway Company had pending claims against Macon, Dublin & Savannah Railroad Company for damage to the Southern's equipment sustained in the aforesaid collision; (e) that the defendants had vouched M. D. & S. into this court and with relation to this suit. We do not think that the refusal so to qualify the jury was error. *Lewis* v. *Williams,* 78 *Ga. App.* 494 (51 S. E. 2d 532). Under the facts of this case, the vouching of the M. D. & S. by the Southern would not result in a liability to Southern by M. D. & S., under the ruling in division two hereof. *Mashburn* v. *Dannenberg Co.,* 117 *Ga.* 567 (44 S. E. 97) ; *Southern Ry. Co.* v. *City of Rome,* 179 *Ga.* 449 (176 S. E. 7) ; *Gazaway* v. *Nicholson,* 190 *Ga.* 345 (9 S. E. 2d 154) ; *Eidson* v. *Maddox,* 195 *Ga.* 641 (24 S. E. 2d 895). The writer, speaking for himself alone, is of the opinion

that there should be a change in our law to cure injustices arising from the inability of one joint tort-feasor to obtain contribution from another joint tort-feasor whom a plaintiff elects not to sue. It would seem that a joint defendant should be allowed to make all other joint tort-feasors parties defendant by an application to the court showing a meritorious request for such action.

■ Grounds 5, 6, and 9 of the amended motion complain that the plaintiff was permitted to call two employees of the Southern Railway Company for cross-examination over the objection of L. A. Smith, and that Smith's counsel was not permitted to examine one of these employees while he was on the stand after being examined by the plaintiff. The reason given for the first complaint is that the testimony of the employees was not binding on L. A. Smith. As to the first complaint, the court did not err. While it is true that the employees of the Southern were not employees or witnesses of Smith, and Smith was not bound by their testimony, Code § 38-1801 and Ga. Laws 1945, p. 227, and 1947, p. 568 (Code, Ann. Supp., § 38-1801) unqualifiedly give the plaintiff the right to call these witnesses. As to the principle involved, see *Miller* v. *Minhinnette*, 185 *Ga.* 490 (195 S. E. 425). It would seem that the effect of their testimony should be explained to the jury by the court in timely and proper instructions. There is no assignment of error in this case upon the court's failure to give such an instruction either with or without a request. As to the second complaint stated in this division, the court did not abuse its discretion in refusing to allow counsel for L. A. Smith to examine a witness while he was on the stand after being cross-examined by the plaintiff. L. A. Smith could have called the witnesses back to the stand as his own witnesses at any time if he had so desired. It is not contended for any sufficient reason that Smith should have been allowed to cross-examine the witness.

■ Grounds 7 and 8 of the amended motion show no reversible error.

■ Ground 10, complaining of the admission of testimony by the plaintiff as to the number and ages of her children, is conceded by the plaintiffs in error to be controlled by *W. & A. R.* v. *Gray,* 172 *Ga.* 286, 305 (157 S. E. 482).

■ No error is shown in grounds 11, 12, 13, and 14.

■ Ground 15 complains of the court's permitting the plaintiff to ask a hypothetical question which was not adjusted to undisputed facts, which assumed the existence of non-existent facts, and that the facts included in the question furnished no basis for a conclusion of the witness. As this case must be tried again, we do not deem it necessary to pass on this exception. If the question asked is deficient in any respect, it can and presumably will be rephrased on another trial.

■ Ground 24 complains of a refusal by the court to give the following requested charge: "I charge you that, if you find that the injuries to Mr. Allen and his consequent death were caused both by negligence of employees of Macon, Dublin & Savannah Railroad Company and by Southern Railway Company, and you otherwise believe the plaintiff to be entitled to recover under the rules of law I give you in charge, she would be entitled to recover an amount in the proportion that the negligence of the employees of Southern Railway Company compares with the negligence of the employees of the Macon, Dublin & Savannah Railroad Company." It was not error to refuse this request, by reason of the conclusion reached in division 2 of the opinion.

■ Ground 38 complains of the refusal of the court to give the requested charge that "Relatively to the defendants in this case, G. E. Allen assumed all risks except that arising from any negligence of the defendants." It was error to refuse to give this charge. *Coggin* v. *Central R. Co.*, 62 *Ga.* 685.

■ As this case is to be tried again, we do not deem it necessary to pass specifically on various grounds of the amended motion, among which are grounds 16 and 39 through 48. This action is predicated on the theory that the defendants' negligence was the sole proximate cause of the death. The evidence authorized a finding that the death was caused by the negligence of the defendants or the crew of the M. D. & S. or both, even if both trains were not moving at the time of the impact. If the evidence on the next trial is substantially the same, the case should be submitted to the jury on the theories that the defendants' negligence was the sole proximate cause of the death or that the negligence of the M. D. & S. was the sole proximate cause or that the defendants' negligence and that of the M. D.

& S. crew combined to cause it and that the defendants' negligence was one of the contributing proximate causes. A plaintiff is not penalized by alleging more than is necessary. *Garrett* v. *Morris & Co.*, 104 *Ga.* 84, 88 (30 S. E. 685) ; *St. Clair* v. *State Highway Board*, 45 *Ga. App.* 488, 489 (165 S. E. 297) ; *Winn* v. *Hinson*, 64 *Ga. App.* 48, 50 (2) (12 S. E. 2d 172). However, there was no evidence that both trains were moving at the time of the collision and, if the evidence is the same on another trial, such a theory should not be submitted to the jury.

■ Ground 49 complains of the charge of the court: "I charge you that the violation of a specific company rule constitutes negligence while the violation of a general company rule would be negligence only if you find as a fact that such violation, if any, amounted to a failure to exercise ordinary care." Rule 93, providing for an operating speed so as to afford ability to stop within less than one-half the range of vision, was introduced by both sides. As to certain of the assignments of error in this ground, the ground is incomplete. It shows only one specific rule and does not show what the other rules were. In view of our ruling in this ground, this point becomes immaterial. As the case must be tried again, it may be well to state that, in charging the jury on various rules of the two railroads, the court should explain to the jury just which rules it is contended and shown by evidence that each crew was bound by.

Now as to the crux of the complaint. It was error for the court to charge that the violation of a company rule was negligence. The fact that only violations of general law, municipal ordinances, rules of the Public Service Commission, and the like are considered and held to be negligence per se is too well known to require citations. The violation of a private company rule is not such a violation, and so far as we can ascertain no court in Georgia has ever so held. There may be rulings to such effect in other jurisdictions. There are two lines of authority on the effect of such rules. One is that the rules are admissible on the question of negligence, though not conclusive, "on the theory that they are in the nature of admissions by the party promulgating them that reasonable care required the exercise of the precautions therein prescribed. Second, the rule

that they are inadmissible, on the theory that the standard of duty is fixed by law, and so such standard cannot be enlarged or decreased by private rules of the corporation." L.R.A. 1917 C 793-799. The writer, speaking for himself alone, believes that the second line of cases is sound and that the first is not. The making of such rules should not be an admission that the care prescribed is ordinary care because the party has the right to require extraordinary care if it so desires; and further because the failure to make a rule to fit a situation could not be used to show that a party did not consider it so dangerous as to require a rule prescribing particular conduct. The admission in evidence of such rules tends to discourage such parties as railroads, etc., from making stringent rules to safeguard the public, employees, and property for fear they will be held to be admissions that the conduct called for by such rule is ordinary care. However, the rule in Georgia is pronounced and clear and without exception or dissent. Such rules are admissible as illustrative of negligence, but the violation of such a rule is not negligence in and of itself. *Georgia Railroad* v. *Williams*, 74 *Ga.* 723; *Chattanooga, R. & C. R. Co.* v. *Whitehead*, 90 *Ga.* 47 (15 S. E. 629); *Atlanta Consolidated Street Ry. Co.* v. *Bates*, 103 *Ga.* 333 (30 S. E. 41); *Foster* v. *Southern Ry. Co.*, 42 *Ga. App.* 830 (157 S. E. 371); *Pollard* v. *Roberson*, 61 *Ga. App.* 465 (6 S. E. 2d 203); *Callaway* v. *Pickard*, 68 *Ga. App.* 637 (23 S. E. 2d 564); *Southern Ry. Co.* v. *Tiller*, 20 *Ga. App.* 251 (92 S. E. 1011). The court erred in charging that the violation of a specific rule was negligence. This ruling applies to the charge complained of in ground 50, to wit: "I charge you that in order for the violation of a specific company rule applicable to the situation under investigation, or any act of negligence, to be the basis of a recovery in an action based on negligence, or to enure to the benefit of a party, such violation must have been the proximate cause of the collision." Cases in which employees of railroads or other corporations were held to have been barred from recovery because of violations of rules by which they were bound, such as *Schaufele* v. *Central of Ga. Ry. Co.*, 6 *Ga. App.* 660 (65 S. E. 708), and *Atlantic Coast Line R. Co.* v. *McLeod*, 9 *Ga. App.* 13, 22 (70 S. E. 214), are not applicable. Mr. Allen was an invitee of the Southern Railroad, and L. A.

Smith's violation of a rule made for his and Mr. Allen's benefit would not constitute negligence per se, though it might preclude Smith from recovering from his employer for its alleged negligence.

As the case must be tried again, it is not necessary to rule on grounds 51, 52, and 53.

Assignments of error not argued or insisted on are waived.

The grounds of the amended motions herein passed on are those contained in the joint motion of the defendants. These grounds are numbered differently in the two separate motions; and, as the questions are the same, we shall not refer to the numbers of the amended grounds in the separate motions.

The court did not err in overruling the defendants' demurrers to the petition as amended, and in sustaining the plaintiff's demurrers to the railroad's plea in bar and to L. A. Smith's plea to the jurisdiction. The court erred in denying the three motions for new trial.

*Judgments on pleadings affirmed. Judgments denying the motions for new trial reversed. Sutton, C. J., and Worrill, J., concur.*