CARMINELLA MONTEMARANO, as Administratrix of the Estate of THOMAS GEANTO, Deceased, Plaintiff, *v.* NEW YORK CENTRAL RAILROAD Co., Defendant.

Supreme Court, Special Term, Monroe County, April 6, 1954.

*Edward R. Macomber* for defendant.

*Philip L. Zenner* for plaintiff.

WITMER, J. Plaintiff has sued under the Decedent Estate Law of the State of New York to recover $50,000 alleged to be the damages sustained by her intestate and his next of kin as the result of his injury and death by reason of defendant's negligence while said intestate was employed by the defendant in Wayne County, New York. Plaintiff alleges that the defendant was engaged in interstate commerce at the time of the accident.

Defendant has moved to dismiss the complaint under subdivision 5 of rule 107 of the Rules of Civil Practice, to wit, upon the ground that a final judgment by a court of competent jurisdiction rendered on the merits has already been entered in favor of the plaintiff against the defendant, and has determined this cause of action.

Defendant's supporting affidavit shows that prior to instituting this action plaintiff sued the defendant in Federal court under the Federal Employers' Liability Act (U. S. Code, tit. 45, § 51), and obtained a verdict upon which judgment was entered. In the complaint in that action plaintiff alleged that her intestate was engaged in defendant's work in interstate commerce at the time of the accident, and that fact is undisputed. The court is advised that during the trial of that action the plaintiff endeavored to prove as part of his damages the amount

paid for funeral expenses for the intestate, but that court excluded the same as not being recoverable under the Federal Employers' Liability Act, under the authority of *Heffner* v. *Pennsylvania R. R. Co.* (81 F. 2d 28), and cases cited therein. As the result of such ruling, and in reliance thereon, plaintiff brought the present action on the theory that certainly she is entitled to recover at least the funeral expenses of her intestate under the Decedent Estate Law of the State of New York. Plaintiff went further, however, and alleged the right to recover damages in behalf of nondependent next of kin, which was denied to her in her Federal court action.

The issue thus presented, in the first instance, is whether or not the plaintiff is precluded from bringing this action by reason of the Federal Employers' Liability Act and the prior action thereunder. Although it does not appear that the particular question involved herein has been decided in this State, the controlling principles are well established.

In *New York Central R. R. Co.* v. *Winfield* (244 U. S. 147, 148), the court said: '' It is settled that under the commerce clause of the Constitution Congress may regulate the obligation of common carriers and the rights of their employees arising out of injuries sustained by the latter where both are engaged in interstate commerce; and it also is settled that when Congress acts upon the subject all state laws covering the same field are necessarily superseded by reason of the supremacy of the national authority.'' In *Second Employers' Liability Cases* (223 U. S. 1, 55), the court said: '' And now that Congress has acted, the laws of the States, in so far as they cover the same field, are superseded.''

In the *Winfield* case (*supra*), the court declared that the New York State Workmen's Compensation Law, under which an award was made to an employee whose employer, engaged in interstate commerce, was not negligent, could not be invoked, although the Federal Employers' Liability Act made no provision for injuries where no negligence was involved. At pages 151–2 the court said: '' That the act is comprehensive and also exclusive is distinctly recognized in repeated decisions of this court. Thus, in *Missouri, Kansas & Texas Ry. Co.* v. *Wulf,* 226 U. S. 570, 576, and other cases, it is pointed out that the subject which the act covers is ' the responsibility of interstate carriers by railroad to their employés injured in such commerce '; in *Michigan Central R. R. Co.* v. *Vreeland,* 227 U. S. 59, 66, 67, it is said that ' we may not piece out this act of Congress by resorting to the local statutes of the State of procedure

or that of the injury,' that by it ' Congress has undertaken to cover the subject of the liability of railroad companies to their employés injured while engaged in interstate commerce,' and that it is ' paramount and exclusive ';    *    *    *    and in *Wabash R. R. Co.* v. *Hayes,* 234 U. S. 86, 89, it is said: ' Had the injury occurred in interstate commerce, as was alleged, the Federal act undoubtedly would have been controlling and a recovery could not have been had under the common or statute law of the State; in other words, the Federal act would have been exclusive in its operation, not merely cumulative.' ''    To like effect are *St. Louis, Iron Mtn. & So. Ry. Co.* v. *Hesterly* (228 U. S. 702); *Murmann* v. *New York New Haven & Hartford R. R. Co.* (258 N. Y. 447), and *Matter of De Martino* (142 Misc. 431, 434).

Plaintiff places reliance on *Hoffman* v. *Reading Co.* (12 F. Supp. 1010).  It appears that Hoffman was injured while working for the Jersey Central R. R. Co. which was operating a train over the Reading Co. road.  Hoffman recovered against the Jersey Central R. R. Co. under the Federal Employers' Liability Act, but the funeral bill was excluded as an item of damage.  Hoffman then sued the Reading Co. under the Pennsylvania Death Act, and the court held that he could recover nothing for which the Federal Employers' Liability Act granted relief, but he could recover the funeral expenses.  That case, therefore, is authority against the plaintiff herein, certainly as to all claims except the funeral bill.  Moreover the case doesn't help the plaintiff with respect to the funeral bill, because as the court there pointed out, Hoffman was suing a different defendant, which was not his employer.  Hence, the Employers' Liability Act did not apply.  And see likewise *Southern Ry. Co.* v. *Allen* (88 Ga. App. 435, 77 S. E. 2d 277, 283).

Since the plaintiff in the case at bar is again suing her intestate's employer, she is bound by the Federal Employers' Liability Act.  The State cannot supplement the provisions of that act.  It is solely the province of Congress to determine whether or not to authorize recovery of the funeral expenses of an employee covered by said act.  (*New York Central R. R. Co.* v. *Winfield,* 244 U. S. 147, 153, *supra*.)

Even if it could be held that under the circumstances of this case the plaintiff might sue under either the Federal Employers' Liability Act or the Decedent Estate Law, her complaint herein would have to be dismissed, because she elected to stand on her intestate's rights as an employee and to sue under the Federal Employers' Liability Act, and she recovered judgment thereunder.  Having thus elected her remedy, she cannot now repudi-

ate the relationship of employer and employee and sue under the Decedent Estate Law. (See *Legault* v. *Brown*, 283 App. Div. 303.)

The motion to dismiss the complaint is therefore granted. Submit order accordingly.